Rod SCHULTZ, Plaintiff–Appellant,

v.

BOSTON STANTON, Law Offices of Boston Stanton, James S. Covino, James Covino Law Office, and James S. Covino, P.C., Defendants–Appellees.

No. 06CA2338.

Colorado Court of Appeals, Div. V.

June 12, 2008.

Rehearing Denied July 17, 2008.

————————

Kaplan Law L.L.C., Marc J. Kaplan, Julia M. Purchase, Denver, Colorado, for Plaintiff–Appellant.

Fowler, Schimberg & Flanagan, P.C., Timothy Schimberg, Andrew McLetchie, Denver,

Colorado, for Defendants–Appellees Boston Stanton and Law Offices of Boston Stanton.

McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, Traci L. Van Pelt, Troy R. Rackham, Denver, Colorado, for Defendants–Appellees James S. Covino, James Covino Law Office, and James S. Covino, P.C.

Opinion by Judge GRAHAM.

Plaintiff, Rod Schultz, appeals the summary judgment entered in favor of defendants, Boston Stanton, Law Offices of Boston Stanton, James S. Covino, James Covino Law Office, and James S. Covino, P.C. He also appeals the trial court's order setting the cost bond on appeal at $3,000. We reverse the judgment, do not reach the merits of the appeal bond order, and remand for further proceedings.

Plaintiff, a correctional officer at the United States Penitentiary in Florence, Colorado, was convicted in the United States District Court for the District of Colorado of conspiracy and assault of an inmate, Pedro Castillo (the victim), in violation of 18 U.S.C. sections 241 and 242.

After plaintiff was sentenced to forty-one months imprisonment in November 2003, he employed a private investigator to locate the victim; the investigator found the victim within six weeks. The investigator showed the victim a photo of plaintiff and asked whether plaintiff ever beat him. The victim responded that plaintiff had not done so and that, in fact, plaintiff had treated him with dignity and respect.

Plaintiff filed a motion for a new trial based on this newly discovered evidence. After an evidentiary hearing in which the victim testified, the United States District Court denied plaintiff's motion for several reasons. *See United States v. LaVallee,* (D.Colo. No. 00–CR–481–D, Dec. 10, 2004) (unpublished order) (*LaVallee I* ). First, the court found that plaintiff did not use due diligence in attempting to locate the victim before trial. Second, the court determined that the victim's statements constituted only impeachment evidence because previous statements he had made to the FBI were inconsistent with his current statements. Last, the district court concluded that there was not a reasonable probability that the evidence would result in an acquittal if plaintiff were given a new trial.

In February 2006, the Tenth Circuit Court of Appeals affirmed the district court's order, finding no abuse of discretion on the part of the district court in denying plaintiff's motion for a new trial. *See United States v. LaVallee,* 439 F.3d 670 (10th Cir.2006) (*LaVallee II* ). The court stated that, because it agreed with the district court's conclusion that plaintiff failed to exercise due diligence in discovering the evidence before trial, it did not need to address "whether [the victim's] testimony is merely impeaching or whether there is a reasonable probability that it would result in an acquittal." *Id.* at 700.

Meanwhile, in June 2005, plaintiff filed this complaint against defendants, who were plaintiff's defense attorneys in the federal criminal case, alleging legal malpractice for their failure to contact and interview the victim and to present his testimony at trial. Plaintiff asserted that had the victim testified at trial, plaintiff "would not have been convicted of the charges against him." Plaintiff further alleged that as a "direct and proximate result" of defendants' negligence, plaintiff "has been damaged by being incarcerated in a federal prison."

Defendants filed a motion for summary judgment on the basis of collateral estoppel, which we refer to as issue preclusion, arguing that plaintiff was collaterally estopped from bringing the legal malpractice claim by virtue of the federal district court's finding that there was no reasonable probability that the victim's testimony would result in an acquittal if plaintiff were afforded a new trial.

The trial court granted defendants' motion for summary judgment, concluding that all the elements necessary for issue preclusion had been satisfied: (1) the causation standard applicable to the motion for a new trial based on newly discovered evidence was identical to that standard at issue in the legal malpractice claim, because it concerned whether plaintiff would nevertheless have been convicted or would have been acquitted if the victim had testified; (2) the causation

issue was actually litigated and necessarily adjudicated in the federal court proceeding; (3) plaintiff, the party against whom estoppel is sought, was a party in the prior federal court proceeding; (4) the decision of the federal district court was final, "having been affirmed on appeal"; and (5) plaintiff had a full and fair opportunity to litigate the issue in the federal court proceeding. The trial court found unpersuasive plaintiff's argument that the causation issue was not necessarily adjudicated because the federal district court "decided the motion for new trial on multiple grounds, each ground rendering the others 'unnecessary,' and the Tenth Circuit only addressed the merits of one of the other grounds."

Plaintiff filed this appeal, and the trial court ordered plaintiff to post a cost bond in the amount of $3,000.

### I. Issue Preclusion

■ Plaintiff contends that the trial court erred in granting summary judgment based upon issue preclusion. We agree.

Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819 (Colo.2004). We review an order granting summary judgment de novo. *Vail/Arrowhead, Inc. v. Dist. Court*, 954 P.2d 608, 611 (Colo.1998).

■ Issue preclusion bars relitigation of an issue if (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Rantz v. Kaufman*, 109 P.3d 132, 139 (Colo. 2005); *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84–85 (Colo.1999); *Grynberg v. Ark. Okla. Gas Corp.*, 116 P.3d 1260,

1263 (Colo.App.2005); *Reid v. Pyle*, 51 P.3d 1064, 1069 (Colo.App.2002).

### A. Identical Issues

We first address whether the fifth element necessary to establish a right to a new trial based on newly discovered evidence, namely, that the evidence would probably produce an acquittal, is identical to the issue of proximate cause in a legal malpractice action. We conclude that it is.

■ To establish that newly discovered evidence warrants a new trial, a criminal defendant must show that (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by his own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal. *LaVallee II*, 439 F.3d at 700; *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir.2000).

■ To prevail on a claim for legal malpractice in Colorado, the plaintiff must show that (1) the attorney owed a duty of care to the plaintiff, (2) the attorney breached that duty, and (3) the attorney proximately caused damage to the plaintiff. *Rantz*, 109 P.3d at 134. "Establishing causation in a legal malpractice action requires the plaintiff to prove what has been characterized as a 'case within a case.'" *Bebo Constr. Co.*, 990 P.2d at 83 (quoting *Miller v. Byrne*, 916 P.2d 566, 579 (Colo.App.1995)). The plaintiff must demonstrate that the claim underlying the malpractice action would have been successful if the attorney had acted in accordance with his or her duties. *Id.*

Here, plaintiff must prove that had his defense attorneys in the federal proceeding introduced the victim's testimony at trial, he would have been acquitted on some or all of the charges of which he was convicted.

Thus, in both cases, the proximate cause issue is the same—the outcome of the case would have changed if the victim's testimony had been introduced at trial. *Cf. Rantz*, 109 P.3d at 139 (the standard for demonstrating prejudice in an ineffective assistance of coun-

sel claim and the standard for establishing causation in a malpractice claim involve equivalent analyses).

### B. "Necessarily Adjudicated"

Plaintiff argues that the federal court's ruling on causation is not entitled to preclusive effect because the issue was not "necessarily adjudicated." He bases his argument on the facts that (1) the causation issue was not the sole basis for the federal district court's decision and (2) the Tenth Circuit Court of Appeals did not address it in the appeal from the district court. Defendants contend, on the other hand, that the causation ruling was necessary to the federal trial court's decision, and that, if an appellate court affirms a trial court decision based on one of multiple grounds relied on by the trial court, all the issues decided by the trial court are conclusively established and binding because of collateral estoppel. We agree with plaintiff's first argument and therefore do not reach the second.

■ An issue is necessarily adjudicated for purposes of applying issue preclusion when a determination on that issue was necessary to a judgment. *Bebo Constr. Co.*, 990 P.2d at 86; *Grynberg*, 116 P.3d at 1264. "[I]ssues that were actually litigated and decided, but were not necessary to the final outcome of the case, are *not* subject to collateral estoppel in a future case." *Bebo Constr. Co.*, 990 P.2d at 86 (emphasis in original); *see also Michaelson v. Michaelson*, 884 P.2d 695, 701–02 (Colo.1994) ("An issue is necessarily adjudicated when the determination of an issue was necessary to a judgment."); *People ex rel. Gallagher v. Dist. Court*, 666 P.2d 550, 554 (Colo.1983) (refusing to give preclusive effect to a previous decision upholding the competency of testimony, when the evidence was subsequently excluded on relevance grounds); Restatement (Second) of Judgments § 27 cmt. h (1982) ("If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues ... is not precluded."). Determinations not essential to the judgment "have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made."

Restatement (Second) of Judgments § 27 cmt. h.

Here, the federal district court found that several of the elements required to establish entitlement to a new trial were not met, including the element of a reasonable probability that the evidence would result in an acquittal if plaintiff were given a new trial (the causation issue). Restatement (Second) of Judgments section 27 comment i provides, in relevant part, "If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." The Tenth Circuit Court of Appeals has refused to give preclusive effect to alternative findings that were each independently sufficient to support a judgment. *See Turney v. O'Toole*, 898 F.2d 1470, 1472 n. 1 (10th Cir. 1990) (following Restatement § 27 cmt. i and holding that where the petition for the writ of habeas corpus gave two reasons why the prisoner's confinement allegedly was unlawful and the order granting the writ stated only that "no legal cause [had been] shown for such holding and restraint or for the continuation thereof," without giving any reasons, either proposed reason would have been a sufficient ground for granting the writ, and therefore, it cannot be said that either issue was actually and necessarily decided); *see also Tuttle v. Arlington County Sch. Bd.*, 195 F.3d 698, 704 (4th Cir.1999) (declining to apply collateral estoppel to alternative finding of prior court); *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1538–39 (Fed.Cir.1995) (holding that a finding was not essential to a judgment for collateral estoppel purposes where judgment was supportable on other grounds); *Dowling v. Finley Assocs., Inc.*, 248 Conn. 364, 727 A.2d 1245, 1252 (1999) ("Where there is more than one possible reason for [a judgment], and the court ... cannot say that any one is necessarily inherent in the [judgment], the doctrine of collateral estoppel is inapplicable." (quoting *United States v. Irvin*, 787 F.2d 1506, 1515–16 (11th Cir.1986))).

Although comment i to Restatement section 27 has not been adopted per se by

Colorado appellate courts, they have relied on section 27, including the comments thereto, in several instances. *See Bebo Constr. Co.,* 990 P.2d at 85–86 (citing § 27 cmts. d, e & h); *Lazy Dog Ranch v. Telluray Ranch Corp.,* 965 P.2d 1229, 1238 (Colo.1998) (citing § 27 cmt. h); *Michaelson,* 884 P.2d at 701 (citing § 27 cmt. d); *Maryland Cas. Co. v. Messina,* 874 P.2d 1058, 1061–62 (Colo.1994) (relying on § 27 cmt. h); *Wall v. City of Aurora,* 172 P.3d 934, 937 (Colo.App.2007) (citing § 27); *Grynberg,* 116 P.3d at 1264 (same); *Negron v. Golder,* 111 P.3d 538, 542 (Colo.App.2004) (same); *Antelope Co. v. Mobil Rocky Mountain, Inc.,* 51 P.3d 995, 1004 (Colo.App.2001) (same); *M & M Mgmt. Co. v. Indus. Claim Appeals Office,* 979 P.2d 574, 577 (Colo.App.1998) (same).

 We find persuasive those cases adopting comment i of Restatement section 27 and conclude that, if a trial court judgment is based on determinations of multiple issues, any of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to any of the issues standing alone.

Therefore, because the district court made several alternative conclusions in denying the request for new trial, it cannot be said that the causation ruling (which concluded that there was not a reasonable probability that the victim's testimony would have resulted in acquittal) was necessary or essential to the order denying plaintiff's motion for a new trial. That order could have also rested upon the district court's determination that the victim's statements constituted only impeachment or upon its ruling that plaintiff did not use due diligence in attempting to locate the victim before trial.

In contrast, if the district court had concluded that plaintiff was entitled to a new trial, all five elements for a new trial would have been essential to that judgment; for without satisfaction of any one of them, no new trial would be allowed. In such a case, each of the elements would have been essential to the judgment and would have been necessarily adjudicated.

Here, however, any one of the elements could have been a reason for denying. the new trial in the criminal case, and conse-

quently, none of the elements is entitled to preclusive effect in this malpractice case. Defendants have not conclusively proved that any of the issues, including the causation issue, was actually and necessarily decided. Accordingly, the summary judgment in favor of defendants based on issue preclusion cannot stand.

Because the causation issue was not necessarily adjudicated at the district court level and was not considered on appeal, we need not address whether the decision of the Tenth Circuit Court of Appeals should be given preclusive effect as to the proximate cause issue.

## II. Appeal Bond

The appeal bond will be discharged by our disposition of the appeal. We have found nothing in the record before us which establishes the fact or amount of any damages incurred in securing the bond. Therefore, we dismiss as moot plaintiff's argument regarding the amount of the appeal bond set by the trial court.

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge VOGT and Judge LICHTENSTEIN concur.