Boston STANTON, Law Offices of Boston
Stanton, James S. Covino, James Covino
Law Office, and James S. Covino, P.C.,
Petitioners

v.

Rod SCHULTZ, Respondent.

No. 08SC636.

Supreme Court of Colorado,
En Banc.

Jan. 11, 2010.

Fowler, Schimberg & Flanagan, P.C., Timothy P. Schimberg, Andrew R. McLetchie, Denver, Colorado, Attorneys for Petitioners Boston Stanton and Law Offices of Boston Stanton.

McConnell Fleischner Houghtaling & Craigmile, LLC, Traci L. Van Pelt, Troy R. Rackham, Denver, Colorado, Attorneys for Petitioners James S. Covino, James Covino Law Office, and James S. Covino, P.C.

Kaplan Law L.L.C., Marc J. Kaplan, Julia M. Purchase, Denver, Colorado, Attorneys for Respondent.

Hale Friesen, LLP, Peter J. Krumholz, Denver, Colorado, Attorneys for Amicus Curiae Colorado Trial Lawyers Association.

Kennedy Childs & Fogg, P.C., John R. Mann, Denver, Colorado, Attorneys for Amicus Curiae Colorado Defense Lawyers Association.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this appeal, we review the court of appeals' determination that a previous federal court ruling does not preclude plaintiff Rod Schultz's present state malpractice claim against his former attorneys, Boston Stanton and James Covino, the defendants in this case. *Schultz v. Stanton*, 198 P.3d 1253 (Colo.App.2008).

Stanton and Covino previously defended Schultz in a federal criminal prosecution. Schultz was convicted. He then brought a post-conviction motion for a new trial based on newly discovered evidence. In that motion, he argued that his attorneys failed to call an essential witness, Pedro Castillo, whose testimony would have led to Schultz's acquittal.

The federal district court denied Schultz's motion, relying on three alternative grounds. That court held: (1) that Schultz failed to show that this newly discovered evidence (Castillo's testimony) could not have been discovered through the exercise of due diligence; (2) that Castillo's testimony was

merely impeaching; and (3) that even if Castillo had testified, Schultz probably still would have been convicted. *United States v. LaVallee*, No. 00CR481 (D.Colo. Dec. 10, 2004) (order denying motion for new trial) (*LaVallee I* ).

Schultz appealed these determinations and the Tenth Circuit Court of Appeals affirmed. *United States v. LaVallee*, 439 F.3d 670 (10th Cir.2006) (*LaVallee II* ). In doing so, however, the Tenth Circuit relied only upon the federal district court's determination that Schultz failed to exercise due diligence. *Id.* at 700. The Tenth Circuit expressly declined to consider whether Castillo's testimony was merely impeaching or whether it would have led to Schultz's acquittal. *Id.*

Schultz filed the present legal malpractice claim in state district court. As an element of his claim, Schultz must prove causation—that his attorneys' negligent failure to call Castillo to testify caused his conviction. In order to prove that the failure to call Castillo caused his conviction, Schultz must prove that he would have been acquitted if Castillo had testified.[1] The state district court held that Schultz was precluded from making this showing because the federal district court already ruled on this issue when it determined that, even if Castillo had testified, Schultz probably still would have been convicted.

Schultz appealed and the Colorado Court of Appeals reversed, finding that all the prerequisites for issue preclusion had not been met. In doing so, the Colorado Court of Appeals relied in part on comment i to the Restatement (Second) of Judgments, section 27 (1982). Comment i provides that, if a trial court bases its judgment on two or more issues, each of which would be independently sufficient to support the result, then issue preclusion does not apply to any of those issues, and they may be re-litigated in future proceedings.

We now affirm, albeit on different grounds. We do not rely on comment i, which applies more properly to alternative judgments that

---

1. This requirement has often been characterized as proving "a case within a case." *See Bebo*

*Const. Co. v. Mattox & O'Brien, P.C.,* 990 P.2d 78, 83 (Colo.1999).

were not appealed. Instead, we find that comment *o* to the Restatement (Second) of Judgments, section 27 (1982), provides the more applicable reasoning. Comment *o* expressly applies to judgments that have been appealed. It provides that, where the trial court relied on alternative grounds in its judgment and the appellate court affirmed on one ground but declined to reach the others, then the preclusive effect extends only to the ground that was actually considered and relied upon by the appellate court.

Applying comment *o* to the present case, we note that the Tenth Circuit affirmed the federal district court's finding that Schultz failed to exercise due diligence but expressly declined to consider whether Castillo's testimony would have led to Schultz's acquittal. Therefore, that issue was not conclusively decided and shall not be given preclusive effect in the present litigation. As such, we affirm the Colorado Court of Appeals' decision on different grounds, and we remand this case to that court so that it may be returned to the district court for proceedings consistent with this opinion.

## II. Facts and Proceedings Below

Stanton and Covino were appointed by the court to represent Schultz, a former prison guard, in a criminal prosecution for abusing prisoners at the federal Supermax facility in Florence, Colorado. Before Schultz's trial, the government produced reports of interviews with one of Schultz's alleged victims, Pedro Castillo. However, neither the government nor Schultz's attorneys called Castillo to testify during trial. At the conclusion of the trial, the jury convicted Schultz. He was sentenced to forty-one months in prison.

After his conviction, Schultz hired a private investigator, who contacted Castillo. Castillo signed an affidavit stating that Schultz did not beat him. When Schultz learned of Castillo's statement, he moved for a new trial based on newly discovered evidence.

The federal district court held a post-conviction hearing on Schultz's motion for a new trial. At this hearing, Castillo testified that Schultz did not beat him, but the court found that his testimony was equivocal and "somewhat muddled" on cross-examination. *LaVallee I*, at 4.

The federal district court then denied Schultz's motion for a new trial on several grounds. The court explained that, to succeed on a motion for a new trial based on newly discovered evidence, the defendant must show: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by the defendant's lack of due diligence; (3) the evidence is not merely impeaching; (4) the evidence is material to the principal issues involved; and (5) the evidence probably would have resulted in an acquittal. *LaVallee I*, at 2 (citing *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir.2000)). Regarding the fifth element, often referred to as the causation element, the court explained that a new trial will not be granted in a criminal case unless the defendant can show that the evidence, if it had been presented, would have led to his acquittal. *LaVallee I*, at 5.

Considering these factors, the federal district court ruled that Schultz should have discovered the evidence with the exercise of due diligence, that Castillo's testimony was merely impeaching, and that Castillo's testimony probably would not have led to Schultz's acquittal. *Id.* at 5–6.

Schultz appealed to the Tenth Circuit Court of Appeals. That court affirmed but addressed only one of the federal district court's three grounds. The Tenth Circuit stated: "Because we agree that Mr. Schultz failed to exercise due diligence in discovering the evidence before trial, we need not address whether Mr. Castillo's testimony is merely impeaching or whether there is a reasonable probability that it would result in an acquittal." *LaVallee II*, 439 F.3d at 700.

While his federal appeal was pending, Schultz filed the present lawsuit in a state district court, alleging that Stanton and Covino committed legal malpractice by failing to call Castillo to testify in his federal criminal case. However, the state district court did not grant summary judgment until ten months after the Tenth Circuit issued its opinion affirming the denial of Schultz's motion for a new trial.

Stanton and Covino moved for summary judgment arguing that Schultz was precluded from re-litigating the causation issue because the federal district court conclusively decided that issue when it held that Castillo's testimony probably would not have led to Schultz's acquittal. Schultz argued that preclusive effect should not be given to that determination because the Tenth Circuit expressly refused to consider it on appeal. The state district court rejected Schultz's argument and found that all the requirements for claim preclusion had been met. The state district court therefore granted summary judgment in favor of Stanton and Covino.

Schultz appealed, and the Colorado Court of Appeals reversed. The Colorado Court of Appeals explained that, in order for an issue to be precluded from re-litigation, the issue must be "identical to one actually litigated and necessarily adjudicated in the prior proceeding." *Schultz v. Stanton*, 198 P.3d 1253, 1256 (Colo.App.2008). The Colorado Court of Appeals found that the prior proceeding did present an identical issue that was actually litigated; namely, whether Castillo's testimony would have resulted in acquittal. *Id.* But the Colorado Court of Appeals also found that this issue was "not necessarily adjudicated" because each of the three grounds found by the federal district court would have been independently sufficient to defeat the motion for a new trial. *Id.* at 1257 (citing *Bebo Constr.*, 990 P.2d at 86).[2] In arriving at this conclusion, the Colorado Court of Appeals also relied, in part, on the reasoning of comment i in the Restatement (Second) of Judgments, section 27 (1982). *Schultz*, 198 P.3d at 1258.

Stanton and Covino then petitioned this court for certiorari review of the Colorado Court of Appeals' decision.[3]

## III. Analysis

■ Issue preclusion is a question of law that we review de novo. *Aspen Wilder-*

ness Workshop, Inc. v. Colo. Water Conservation Bd., 901 P.2d 1251, 1256 (Colo.1995); *Bebo Constr.*, 990 P.2d at 84–85. Issue preclusion, also known as collateral estoppel, bars re-litigation of an issue if: (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Rantz v. Kaufman*, 109 P.3d 132, 139 (Colo.2005); *Bebo Constr.*, 990 P.2d at 84–85.

■ We first consider whether the causation issue in Schultz's post-conviction motion for a new trial is, in fact, identical to the causation issue in his present malpractice claim. The standard for legal malpractice in Colorado requires a plaintiff to show that the attorney breached a duty of care owed to the plaintiff, thereby causing damage to the plaintiff. *Bebo Constr.*, 990 P.2d at 83. To prove causation in a legal malpractice case, a plaintiff must show that the result of the trial would have been different but for the attorney's misconduct. *Id.* Therefore, in the present case, Schultz must demonstrate that he would have been acquitted if his attorneys had called Castillo to testify.

■ Schultz had to meet an identical requirement in his motion for a new trial. As explained, to succeed on a motion for a new trial based on newly discovered evidence, the defendant must show that the result of his trial would have been different if that evidence had been presented. *LaVallee II*, 439 F.3d at 700 (citing *Pearson*, 203 F.3d at 1274). As such, Schultz was required to show that he probably would have been acquitted if his attorneys had called Castillo to testify. *Id.* Therefore, the causation inquiry in the present legal malpractice case is iden-

---

2. In *Bebo Construction*, we held that "issues that were actually litigated and decided, but were not necessary to the final outcome of the case, are *not* subject to collateral estoppel [also known as issue preclusion] in a future case." 990 P.2d at 86.

3. We granted certiorari to decide: "Should a judgment that satisfies all the criteria for issue preclusion be denied preclusive effect because it considered and resolved multiple issues instead of a single issue?"

tical to the inquiry considered in Schultz's post-conviction motion for a new trial, and the first requirement for issue preclusion is satisfied. *Cf. Rantz*, 109 P.3d at 139 (Colo. 2005) (noting that demonstrating causation (or prejudice) in a motion for a new trial based on ineffective assistance of counsel involves a "similar analysis" to demonstrating causation in a legal malpractice case).

■ We next consider whether this issue was "necessarily adjudicated" in the previous proceeding. As mentioned above, the federal district court denied Schultz's motion for a new trial because Schultz failed to establish three of the five required elements. Specifically, the federal district court ruled that Schultz failed to show that he could not have discovered the evidence through the exercise of due diligence, that the evidence was not merely impeaching, and that the evidence probably would have led to his acquittal. *LaVallee I.* The Tenth Circuit, however, affirmed only on the due diligence ground and expressly declined to consider whether Castillo's testimony would have led to an acquittal. *LaVallee II*, 439 F.3d at 700.

When it determined that this issue was "not necessarily adjudicated," the Colorado Court of Appeals did not consider the Tenth Circuit's opinion or its effect on the preclusion inquiry. *Schultz*, 198 P.3d at 1257–58. Instead, the Colorado Court of Appeals analyzed the federal district court's decision and relied on the reasoning of comment i to the Restatement (Second) of Judgments *Id.* Comment i provides, "If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." Restatement (Second) of Judgment § 27 cmt. i (1982).

Comment i represents a departure from the First Restatement, which awarded preclusive effect to trial court judgments that relied on alternative grounds. *See* Restatement (First) of Judgments § 68 cmt. n (1942). This departure has been the subject of much controversy, and courts have struggled to decide whether to follow the new rule or continue to apply the old one. *See, e.g.*, Monica R. Brownewell, Note, *Rethinking the Restatement View (Again!): Multiple Independent Holdings and the Doctrine of Issue Preclusion*, 37 Val. U.L.Rev. 879 (2003) (reviewing the positions of the First and Second Restatements and analyzing conflicting court decisions regarding alternative judgments).

■ The present case, however, does not require us to enter this debate. Comment i addresses situations in which the trial court's alternative judgments were not appealed. *See* Restatement (Second) of Judgments § 27, cmt. i, illus. 15 (1982).[4] When the judgment has been appealed, comment o provides the more appropriate analysis. *See Beaver v. John Q Hammons Hotels, L.P.*, 355 Ark. 359, 138 S.W.3d 664, 669 (2003) (explaining that comment i applies where determinations are not appealed, but "[o]nce those determinations [are] appealed, comment o bec[omes] the applicable reasoning urged by Section 27").

Comment o specifically addresses the effect of an appeal on an alternative judgment by a trial court. The comment provides: "*Effect of an appeal.* If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and ... the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as

4. Illustration 15 provides:

A brings an action against B to recover interest on a promissory note payable to A, the principal not yet being due. B alleges that he was induced by the fraud of A to execute the note, and further alleges that A gave him a binding release of the obligation to pay interest. The court, sitting without a jury, finds that B was induced by A's fraud to execute the note and also finds that A had given him a binding release of the obligation to pay interest. *Judgment for B is not appealed.* After the note matures, A brings an action against B for the principal of the note. The prior judgment is not a defense to the action, and the issue of fraud must be relitigated if B chooses to raise it.

Restatement (Second) of Judgments § 27, cmt. i, illus. 15 (1982) (emphasis added).

to the first determination." Restatement (Second) of Judgments, § 27 cmt. *o* (1982).

[9] In other words, comment *o* provides that only the grounds actually considered and upheld by the appellate court may be given preclusive effect. If the appellate court declines to consider certain grounds, those grounds may be re-litigated in a future proceeding. *See Beaver*, 138 S.W.3d at 669 ("Comment *o* clearly illustrates that ... where an affirmance upholds one of the alternative, independent grounds, and the other ground is not reached, collateral estoppel precludes from further litigation the ground upheld by the appellate court, but does not preclude the other ground.").

In contrast to comment i, comment *o* remains essentially unchanged from the First Restatement of Judgments,[5] and its reasoning has been applied consistently by the state and federal courts that have considered it. *See, e.g., Fairbrook Leasing, Inc. v. Mesaba Aviation, Inc.*, 519 F.3d 421, 428 (8th Cir. 2008) (citing comment *o* and noting that "basic principles of issue preclusion bar [petitioner] from relying on the district court's alternative ruling ... because that ruling was not upheld on appeal"); *Dow Chemical v. EPA*, 832 F.2d 319, 323 (5th Cir.1987) (" 'The federal decisions agree that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decisions.' " (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4421 at 205 (1981))); *Beaver*, 138 S.W.3d at 669 (Ark. 2003); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 522 (Tex.1998); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4432 (2d ed. 2002) ("If the appellate court terminates the case by final rulings as to some matters only, preclusion is limited to the matters actually resolved by the appellate court. . . .").

Comment *o* also aligns with our own precedent concerning issue preclusion. For example, in declining to review the causation issue and relying instead on other grounds, the Tenth Circuit demonstrated that the causation issue was not necessary to the federal district court's determination. Pursuant to *Bebo Construction*, 990 P.2d at 86, such determinations should not be given preclusive effect. Likewise, when the Tenth Circuit declined to review the causation issue, it effectively denied Schultz his right to appeal that issue. Preclusive effect should not be given to such a determination because our precedent "requires an opportunity for review before a judgment can be considered final for purposes of issue preclusion." *Rantz*, 109 P.3d at 141 (citing *Carpenter v. Young*, 773 P.2d 561 (Colo.1989)).

Therefore, because other courts have consistently followed comment o, and because it is supported by sound reasoning and our own precedent, we apply it in the present case.[6]

Applying comment *o* to the present case, we hold that the federal district court's determination of the causation issue is not entitled to preclusive effect. Comment *o* applies where the trial court first relied on multiple, independently-sufficient grounds, and the court of appeals affirmed only one of those grounds. In such a situation, comment *o*

---

**5.** Comment *o* is derived from comment b of the Restatement (First) of Judgments, section 69 (1942), which provided:

> (1) Where there is an appeal from a judgment, the determination by the appellate court of issues actually litigated is conclusive between the parties in a subsequent action on a different cause of action.
>
> (2) Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action.

Although the language and section changed, the principle did not. Both the First and Second Restatements provide that only those issues actually considered and upheld by the appellate court may be considered conclusive in subsequent litigation.

**6.** Although we have not previously relied upon comment o, we have relied upon other comments to section 27 of the Restatement (Second) of Judgments (1982). *See Bebo Constr.*, 990 P.2d at 85–86 (citing comments d, e, and h); *Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229, 1238 (Colo.1998) (citing comment h); *Michaelson v. Michaelson*, 884 P.2d 695, 701 (Colo.1994) (citing comment d).

provides that only the ground actually considered and upheld by the appellate court may be given preclusive effect in future litigation. In the present case, the Tenth Circuit court of appeals affirmed only the district court's finding that Schultz lacked due diligence and expressly declined to review the causation issue. As such, the causation issue was not necessarily adjudicated in Schultz's motion for a new trial and may be re-litigated in the present malpractice action.

### IV. Conclusion

Accordingly, we affirm the Colorado Court of Appeals' decision on different grounds, and we remand this case to that court so that it may be returned to the district court for proceedings consistent with this opinion.