NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: MICHAEL A. TURCHIN,

Debtor,

------------------------------

MICHAEL A. TURCHIN,

Appellant,

v.

STEVEN BERKOWITZ,

Appellee.

No. 19-60002

BAP No. 17-1252

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Spraker, and Taylor, Bankruptcy Judges, Presiding

Submitted February 12, 2020[**]
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Debtor Michael Turchin appeals the decision of the Bankruptcy Appellate

Panel ("BAP") affirming the bankruptcy court's grant of summary judgment in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

favor of creditor Steven Berkowitz. The bankruptcy court found a $624,822.53 debt owed by Turchin to Berkowitz to be nondischargeable under both 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6), which respectively render nondischargeable any debt for money obtained by "false pretenses, a false representation, or actual fraud" and any debt for "willful and malicious injury by the debtor." Summary judgment was granted based on the preclusive effect of a Colorado state court judgment finding Turchin liable to Berkowitz for common law fraud. The BAP affirmed the grant of summary judgment on the basis of § 523(a)(2)(A) and declined to address § 523(a)(6). Reviewing de novo, *see Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009), we affirm.

1. Issue preclusion applies in nondischargeability proceedings brought under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." *Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1245 (9th Cir. 2001). Here, the relevant judgment was rendered under Colorado law by a Colorado court, so Colorado preclusion law governs.

Under Colorado law, the doctrine of issue preclusion bars relitigation of an issue if:

2

(1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Stanton v. Schultz*, 222 P.3d 303, 307 (Colo. 2010). Turchin does not contest that elements (2)-(4) are met with respect to the proceedings that produced the Colorado judgment. The only question is whether the issues determined in that judgment include the same issues that are needed to establish nondischargeability under § 523(a)(2)(A) or § 523(a)(6).

2. A creditor asserting nondischargeability under § 523(a)(2)(A) based on "actual fraud" must establish, by a preponderance of the evidence, five elements: "(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." *Turtle Rock Meadows Homeowners Ass'n v. Slyman* (*In re Slyman*), 234 F.3d 1081, 1085 (9th Cir. 2000). These elements substantially overlap with the elements of common law fraud under Colorado law, which are as follows: "that the defendant made a false representation of a material fact; that the party making the representation knew it was false; that the party to whom the representation was made did not know of the

3

falsity; that the representation was made with the intent that it be acted upon; and that the representation resulted in damages." *Brody v. Bock*, 897 P.2d 769, 775–76 (Colo. 1995). The Colorado judgment made specific findings with respect to each of these elements of common law fraud, and these findings establish all five elements needed to show that the debt is nondischargeable under § 523(a)(2)(A).

The Colorado judgment found that at the time that Turchin promised (along with two others) to indemnify Berkowitz for losses he might suffer in providing additional collateral for a real estate project, Turchin had no intention of paying Berkowitz any such indemnification. In finding that Turchin "knew he did not intend to pay the indemnification he promised," the Colorado judgment necessarily found that Turchin made a misrepresentation that he knew to be false (elements (1) and (2) of the § 523(a)(2)(A) claim, as noted above). It is irrelevant whether Turchin would later be unable to provide indemnification; what matters is that, at the time he made the promise, he did not intend to fulfill that obligation should it later be triggered. *See Hayhoe v. Cole* (*In re Cole*), 226 B.R. 647, 654 (B.A.P. 9th Cir. 1998); *see also Slyman*, 234 F.3d at 1085. In finding that "Turchin intended that Berkowitz rely on his promise," which Turchin knew to be false, the Colorado judgment likewise necessarily found that Turchin acted with an intent to deceive Berkowitz (element (3) of the § 523(a)(2)(A) claim). And the Colorado judgment's finding that "Berkowitz reasonably" relied on the false promise "to his

4

detriment" establishes the elements of justifiable reliance and causation of damages (elements (4) and (5) of the § 523(a)(2)(A) claim). Turchin raises various arguments as to why the Colorado judgment's findings were unwarranted, but these contentions are beside the point. *See Lobato v. Taylor*, 70 P.3d 1152, 1166 (Colo. 2003) (preclusive effect of final judgment is not "'altered by the fact that the judgment may have been wrong'") (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981)).

3.      Because we affirm the BAP's conclusion that summary judgment was properly granted based on § 523(a)(2)(A), we need not address Berkowitz's alternative theory that the Colorado judgment is also nondischargeable under § 523(a)(6).

**AFFIRMED.**