Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2017 CO 53**

**No. 16SA212, <u>In Re Villas at Highland Park Homeowners Assoc. v. Villas at Highland Park, LLC</u>—Issue Preclusion—Attorney Disqualification—Colo. RPC 1.9.**

In this original proceeding under C.A.R. 21, the supreme court reviews a district court's order applying the doctrine of issue preclusion to deny the defendants' motion to disqualify one of the plaintiff's attorneys under Colo. RPC 1.9 and to disqualify her law firm by imputation of the attorney's conflict under Colo. RPC 1.10. The disqualification inquiry under Colo. RPC 1.9(a) asks whether an attorney's prior representation and current representation are "substantially related." This inquiry under Colo. RPC 1.9(a) is specific to the particular matter for which disqualification is sought. The supreme court therefore concludes that a motion to disqualify under Colo. RPC 1.9(a) will rarely, if ever, raise an "identical" issue to a disqualification motion in another case for purposes of issue preclusion. Here, the supreme court holds that the trial court abused its discretion by relying on the doctrine of issue preclusion to deny the disqualification motion instead of conducting the requisite analysis under Colo. RPC 1.9(a). The supreme court therefore makes the rule to show cause absolute, vacates the trial court's order, and remands the case for the trial court to address the merits of the motion to disqualify under Colo. RPC 1.9(a).

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 53

### Supreme Court Case No. 16SA212

*Original Proceeding Pursuant to C.A.R. 21*

Arapahoe County District Court Case No. 13CV31625

Honorable Elizabeth A. Weishaupl, Judge

### In Re:

### Plaintiff:

Villas at Highland Park Homeowners Association, Inc., a Colorado nonprofit corporation,

v.

### Defendants:

Villas at Highland Park, LLC, a Colorado limited liability company; CC Communities, LLC, a Colorado limited liability company f/k/a Century Communities, LLC; Century Communities, Inc., a Delaware corporation f/k/a Century Communities Colorado, LLC; Horizon Building Services, LLC, a Colorado limited liability company; Dale Francescon, individually; Amy L. Anders, individually; John Healy, individually; Joseph Huey, individually; Kathy Ellis, individually; and John Geary, individually.

### Rule Made Absolute

*en banc*

May 22, 2017

**Attorneys for Plaintiff:**
Burg Simpson Eldredge Hersh & Jardine PC
Brian Keith Matise
Mari K Perczak
  *Englewood, Colorado*

**Attorneys for Defendants Villas at Highland Park, LLC; CC Communities, LLC; Century Communities, Inc.; Horizon Building Services, LLC; and Dale Francescon:**
Don, Galleher & Associates
Shelley B. Don
Watson W. Galleher
  *Denver, Colorado*

**Attorneys for Movants Burg Simpson Eldredge Hersh & Jardine PC and Mari Perczak:**
Fennemore Craig, P.C.
Troy R. Rackham
  *Denver, Colorado*

Burns Figa & Will PC
Alexander "Alec" R. Rothrock
  *Greenwood Village, Colorado*

**Attorneys for Amicus Curiae Colorado Trial Lawyers Association:**
Bachus & Schanker LLC
Scot C. Kreider
  *Denver, Colorado*

No appearance on behalf of: Amy L. Anders, John Healy, Joseph Huey, Kathy Ellis, or John Geary.

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court.
**JUSTICE GABRIEL** dissents, and **JUSTICE EID** and **JUSTICE HOOD** join in the dissent.

¶1 This original proceeding arises in a construction-defect case filed by a homeowners' association against several real-estate developers. An attorney for the homeowners' association, Mari Perczak, previously represented one of the real-estate developers, Dale Francescon, when Francescon was a defendant in other construction-defect litigation. Based on Perczak's prior representation of Francescon, the developers in this case (including Francescon) moved to disqualify Perczak and her law firm under Rules 1.9 and 1.10 of the Colorado Rules of Professional Conduct.

¶2 Rule 1.9 provides that an attorney has certain ethical duties to former clients that persist even after the attorney–client relationship has concluded. Relevant here, Colo. RPC 1.9(a) prohibits an attorney from representing a party whose interests are materially adverse to those of a former client if the former and present matters are "substantially related" to one another such that there is a substantial risk that confidential information that normally would have been obtained in the prior representation would materially advance the current client's position in the present matter. People v. Frisco, 119 P.3d 1093, 1096 (Colo. 2005). If an individual attorney has a disqualifying conflict under Colo. RPC 1.9(a), that conflict may be imputed to the lawyer's firm and require disqualification of the entire firm. See Colo. RPC 1.10.

¶3 This is not the first time Francescon has sought to disqualify Perczak; indeed, Francescon has moved to disqualify her under Colo. RPC 1.9(a) in at least two other construction-defect cases in which she brought claims on behalf of a homeowners' association against Francescon and other real-estate developers. In one of these previous cases, Sawgrass at Plum Creek Community Association, Inc. v. Sawgrass at

3

Plum Creek, LLC, the trial court denied the motion to disqualify because it concluded that the Sawgrass lawsuit was not "substantially related" to the prior matters in which Perczak represented Francescon. No. 2010CV3532 (Douglas Cty. Dist. Court Sept. 5, 2013).

¶4 In the present case, the trial court denied the developers' disqualification motion without meaningfully analyzing for purposes of Colo. RPC 1.9(a) whether this case is "substantially related" to the prior matters in which Perczak represented Francescon. Instead, the trial court relied on issue preclusion, the doctrine that bars relitigation of an issue that is "identical" to an issue that was previously litigated and decided, Stanton v. Schultz, 222 P.3d 303, 307 (Colo. 2010). Here, the trial court appeared to conclude that the Sawgrass ruling denying the motion to disqualify Perczak in that case had preclusive effect so as to bar the developers' motion under Colo. RPC 1.9(a) in this case. The developers filed a C.A.R. 21 petition in this court, seeking review of the trial court's order denying the disqualification motion on the basis of issue preclusion.

¶5 We issued a rule to show cause to determine whether the trial court erred in relying on the doctrine of issue preclusion to deny the developers' attorney-disqualification motion. The disqualification inquiry under Colo. RPC 1.9(a) asks whether an attorney's prior representation and current representation are "substantially related." This inquiry under Colo. RPC 1.9(a) is specific to the particular matter for which disqualification is sought. Therefore, we conclude that a motion to disqualify under Colo. RPC 1.9(a) will rarely, if ever, raise an "identical" issue to a disqualification

4

motion in another case because the analysis under Rule 1.9(a) of whether the prior and current matters are substantially related will differ in each case.

¶6 The dispositive legal issue in the developers' attorney-disqualification motion—whether this case is "substantially related" to Perczak's prior representation of Francescon—is specific to the present dispute. Moreover, the nature of the claims asserted in this case differs from the nature of the claims asserted in <u>Sawgrass</u>. Thus, we conclude that the dispositive issue here is not "identical" to the issue decided in <u>Sawgrass</u>, and therefore, the doctrine of issue preclusion does not apply to the developers' motion in this case. Accordingly, the trial court abused its discretion by relying on issue preclusion to deny the developers' disqualification motion. We therefore make the rule absolute, vacate the trial court's order denying the developers' motion to disqualify Perczak and her law firm, and remand this case for the trial court to analyze the merits of the developers' motion under Colo. RPC 1.9.

## I. Facts and Procedural History

¶7 The attorney at the center of this disqualification dispute, Mari Perczak, filed the present lawsuit ("<u>Villas</u>") on behalf of Villas at Highland Park Homeowners Association, Inc., in November 2013. The lawsuit named as defendants Villas at Highland Park, LLC; CC Communities, LLC; Century Communities, Inc.; and Horizon Building Services, LLC; as well as six individuals, including Dale Francescon (collectively, the "developers"). Because the developers seek relief from the trial court's denial of their motion to disqualify Perczak and her law firm, we consider the allegations contained in the motion to disqualify.

5

¶8 According to the developers, Francescon has been involved in the residential construction business in Colorado since the 1990s. Francescon and his brother founded a number of companies through which they developed residential construction projects. Between July 1996 and November 1999, various plaintiffs filed six separate lawsuits against those companies; some of those lawsuits also asserted claims directly against the Francescons.

¶9 Perczak, then a partner at the law firm Godin & Baity, served as lead counsel for the Francescons and the corporate defendants in five of those cases. In those earlier matters, Perczak advised the Francescons and the corporate defendants on various topics, including litigation strategies (particularly the defense of alter-ego and construction-defect claims); the establishment and structure of special-purpose corporate entities for residential construction; settlement strategies and risk tolerance; and the nature and extent of the Francescons' involvement with the corporate entities. Among the defendants in the earlier cases, only Francescon is a defendant in the present litigation.

¶10 Perczak left Godin & Baity in 2005. In 2007, Perczak became a shareholder in the law firm then named Vanatta, Sandgrund, Sullan & Sullan, P.C. (the "Sullan Firm"), which merged in 2014 with the firm in the present case, Burg Simpson Eldredge Hersh & Jardine PC (the "Burg Firm"). As relevant to this case, Perczak and other attorneys with the Sullan Firm represented homeowners' associations in two construction-defect lawsuits against Francescon and some of the same corporate defendants in this case.

6

¶11 First, in December 2010, attorneys with the Sullan Firm filed <u>Sawgrass at Plum Creek Community Association, Inc. v. Sawgrass at Plum Creek, LLC</u> ("<u>Sawgrass</u>"), No. 10CV3532 (Douglas Cty. Dist. Court), and Perczak later appeared as counsel for the homeowners' association. The <u>Sawgrass</u> litigation alleged construction defects at a planned community in Castle Rock, Colorado. The operative complaint in <u>Sawgrass</u> asserted claims against Francescon and other defendants (including one of the defendants in this case, CC Communities, LLC) for negligence, breach of implied warranty, misrepresentation/nondisclosure, violation of the Colorado Consumer Protection Act ("CCPA"), breach of fiduciary duty, and promissory estoppel.

¶12 Second, in March 2011, attorneys with the Sullan Firm filed <u>Highlands at Westbury Townhome Association, Inc. v. Highlands at Westbury, LLC</u> ("<u>Westbury</u>"), No. 11CV333 (Adams Cty. Dist. Court), and Perczak later appeared as counsel for the homeowners' association. The <u>Westbury</u> litigation alleged construction defects at a community of townhomes in Westminster, Colorado. As in <u>Sawgrass</u>, the operative complaint in <u>Westbury</u> asserted claims against Francescon and several other defendants (including two of the defendants in this case, CC Communities, LLC, and Horizon Building Services, LLC) for negligence, breach of implied warranty, misrepresentation/nondisclosure, violation of the CCPA, breach of fiduciary duty, and promissory estoppel.

¶13 Perczak and other attorneys with the Sullan Firm filed the present case, <u>Villas at Highland Park Homeowners Association, Inc. v. Villas at Highland Park, LLC</u>, in November 2013. No. 13CV31625 (Arapahoe Cty. Dist. Court). The <u>Villas</u> litigation

concerns alleged construction defects in a planned community in Arapahoe County, Colorado. Like the complaint in Sawgrass, the initial complaint in Villas asserted claims on behalf of the homeowners' association against several corporate defendants, Francescon, and several other individual defendants for negligence, breach of implied warranty, misrepresentation/nondisclosure, violation of the CCPA, and breach of fiduciary duty. In September 2014, however, the Villas homeowners' association filed an amended complaint, adding new claims, including claims for conversion, unjust enrichment, and civil theft. These additional claims arose from the allegedly improper transfer of a parcel of land referred to as "Tract H" from the plaintiff homeowners' association to the Highland Park Metropolitan District. The claims for conversion and civil theft were asserted against Francescon individually, in addition to other defendants.

¶14 Francescon and other named defendants moved to disqualify Perczak and her firm under Colo. RPC 1.9 and 1.10 in all three of these cases. In July 2013, the Westbury court initially granted the motion to disqualify in that litigation. The Westbury court concluded that during her prior representation of Francescon, Perczak would have learned confidential information about the structure of Francescon's businesses, which required Perczak's disqualification under Colo. RPC 1.9(a), as well as the disqualification of the Sullan Firm, because Perczak's conflict was imputed to the firm under Colo. RPC 1.10. Perczak and the Sullan Firm moved for reconsideration of this ruling. The Westbury court provisionally vacated its disqualification order and allowed

8

the <u>Westbury</u> defendants to file a response to the motion to reconsider. The parties then settled the case before the <u>Westbury</u> court ruled on the motion to reconsider.

¶15    In September 2013, the <u>Sawgrass</u> court denied the motion to disqualify in that litigation. In a detailed, fourteen-page order, the <u>Sawgrass</u> court concluded that disqualification was unwarranted because Perczak's prior representation of Francescon was not "substantially related" to <u>Sawgrass</u> within the meaning of Colo. RPC 1.9(a). Specifically, the <u>Sawgrass</u> court reasoned that although Perczak's defense of Francescon and the <u>Sawgrass</u> lawsuit both involved construction-defect claims based on negligence, the various lawsuits "involve[d] completely distinct projects over a significant period of time. . . . [Perczak's prior representations of Francescon] related to entirely distinct building projects, where there were different applicable building codes, separate contractors, and unique allegations of defective construction." Several of the <u>Sawgrass</u> defendants sought relief from this court under C.A.R. 21, which we denied. <u>In re CC Cmtys. LLC v. Sawgrass at Plum Creek Cmty. Ass'n</u>, No. 13SA230 (Colo. Sept. 12, 2013). Shortly thereafter, the parties settled.

¶16    The developers[1] filed a motion to disqualify in the present case in September 2014, arguing that Perczak and her firm must be disqualified because this matter is "substantially related" to Perczak's prior representation of Francescon. With the motion, the developers filed supporting documents, including the <u>Westbury</u> initial

---

[1] The motion to disqualify, like the present C.A.R. 21 petition, was filed by defendants Dale Francescon; CC Communities, LLC; Century Communities, Inc.; Villas at Highland Park, LLC; and Horizon Building Services, LLC.

disqualification order, the Sawgrass disqualification order, lists of filings from the Westbury and Sawgrass cases, four affidavits from Dale Francescon, an opinion letter from insurance-defense attorney Daniel Fowler, and an affidavit from professor emeritus of legal ethics Charles Wolfram.

¶17 Perczak and the Burg Firm then moved to strike the developers' motion to disqualify on the basis of issue preclusion. Perczak and the Burg Firm argued that the Sawgrass order addressed "the same issue, based on effectively identical facts" and concluded that the Sawgrass lawsuit was not "substantially related" to Perczak's prior representation of Francescon. According to Perczak and the Burg Firm, the Sawgrass order resolved these issues "in a full, fair, and final order," and therefore, the issue preclusive effect of the Sawgrass order barred the developers' disqualification motion in this case.

¶18 The trial court held a hearing in February 2015 and denied the motion to strike in part.[2] The court concluded that although "[t]he doctrine of issue preclusion, if shown, applies to this situation," Perczak and the Burg Firm had not shown that the issue they sought to preclude—whether Perczak must be disqualified because the present case is "substantially related" to Perczak's prior representation of Francescon—was "identical" to the issue the court decided in Sawgrass. The court further explained:

> Although the surface issue in the prior proceeding was the same—the disqualification of Ms. Perczak [under Colo. RPC 1.9]—the underlying

---

[2] Although Judge Weishaupl presided over most aspects of this case and entered the order that is the subject of this original proceeding, Judge Cross held the February 2015 hearing and entered the corresponding order.

10

reasons why [the Sawgrass court] determined disqualification was not necessary seem factually different in this case. Although both the prior proceeding and this case have a claim for a violation of the [CCPA], it does not appear that [the Sawgrass court] addressed that claim. Further, this suit, unlike the Sawgrass matter, includes claims directly against Mr. Francescon for Civil Theft, Breach of Fiduciary Duty, and Conversion.

The court concluded that a hearing was necessary "to determine if anything Ms. Perczak may have learned in her representation of Mr. [Francescon], other than those things [the Sawgrass court] ruled would not cause a conflict . . . , would materially advance Plaintiff's personal claims against Mr. [Francescon] in this case."

¶19    At that hearing, held in May 2015, the developers tendered—and the court accepted—an offer of proof nearly 300 pages in length, consisting of affidavits from, or statements summarizing the anticipated testimony of, Francescon and four other individuals.[3]    According to the offer of proof, these witnesses would testify to the nature of the confidential information that Perczak would have obtained in her prior representation of Francescon, as well as legal opinions on Perczak's alleged conflict and the applicability of issue preclusion in this context. At the same hearing, defense counsel also argued that issue preclusion did not apply because the issue Perczak and the Burg Firm sought to preclude was not "identical" to the attorney-disqualification issue in Sawgrass. See Tr. of Oral Arg. at 58:13–15, Villas at Highland Park Homeowners Ass'n, Inc. v. Villas at Highland Park, LLC, No. 13CV31625 (Arapahoe

---

[3] Like the Sawgrass disqualification motion, the offer of proof in this case included statements from Daniel Fowler and Charles Wolfram. In addition, the developers' offer of proof included statements from Richard Flamm, an attorney in the field of legal ethics, and Dennis Polk, an attorney who had participated in meetings on business and litigation strategies with Francescon and Perczak.

11

Cty. Dist. Court May 21, 2015) ("There is no identity of issues here as is required under the elements of . . . issue preclusion . . . .").

¶20 On February 25, 2016, the trial court entered an order granting Perczak's and the Burg Firm's motion to strike on the basis of issue preclusion and denying the developers' motion to disqualify. The order did not make specific factual findings about the scope of Perczak's prior and present representations, as the Sawgrass court had done when it concluded that the Sawgrass lawsuit was not "substantially related" to Perczak's prior representation of Francescon. However, the order reasoned that Perczak's knowledge of Francescon's fear of being sued personally—which was discussed in the offer of proof—would not create a conflict or materially advance the claims against Francescon in this case.

¶21 The developers petitioned this court for a rule to show cause under C.A.R. 21, arguing that the trial court erred in applying issue preclusion based on the Sawgrass order. The developers' petition further argued that Perczak and the Burg Firm must be disqualified under Colo. RPC 1.9 and Colo. RPC 1.10 because this case is "substantially related" to the construction-defect matters in which Perczak represented Francescon. We issued a rule to show cause and now make the rule absolute.

## II. Original Jurisdiction

¶22 Original relief under C.A.R. 21 is an extraordinary remedy that is limited in both purpose and availability. People v. Darlington, 105 P.3d 230, 232 (Colo. 2005). The exercise of original jurisdiction under C.A.R. 21 falls within this court's sole discretion. Fognani v. Young, 115 P.3d 1268, 1271 (Colo. 2005). We generally exercise jurisdiction

12

under C.A.R. 21 when the normal appellate process provides an inadequate remedy or when a trial court order places one party at a significant disadvantage in litigating the merits of a controversy. People v. Hoskins, 2014 CO 70, ¶ 16, 333 P.3d 828, 834; DCP Midstream, LP v. Anadarko Petroleum Corp., 2013 CO 36, ¶ 22, 303 P.3d 1187, 1193. In addition, this court will generally elect to hear cases under C.A.R. 21 to consider important issues of first impression. People v. Johnson, 2016 CO 69, ¶ 7, 381 P.3d 316, 318.

¶23 According to the developers' allegations, Perczak's conflict of interest and her possession of confidential information from her prior representations fundamentally undermines the fairness of the district court proceedings, thereby rendering normal appellate relief ineffective. Further, this court has not previously addressed the applicability of issue preclusion in the context of attorney disqualification under Colo. RPC 1.9. For these reasons, we conclude that the exercise of our original jurisdiction pursuant to C.A.R. 21 is appropriate.

### III. Analysis

¶24 The developers contend that the trial court erred in relying on the doctrine of issue preclusion to deny their motion to disqualify Perczak under Colo. RPC 1.9. We first discuss the law regarding the doctrine of issue preclusion and former-client conflicts under Colo. RPC 1.9. We then apply those legal frameworks to the facts of this case.

¶25 We conclude that the dispositive legal issue underlying the developers' disqualification motion—namely, whether Perczak's representation of the homeowners'

13

association in this matter is "substantially related" to her prior representation of Francescon—is specific to the present dispute. Thus, we conclude that the issue Perczak seeks to preclude is not "identical" to the issue decided in Sawgrass, and therefore, issue preclusion does not apply to the developers' disqualification motion in this case. Because issue preclusion is inapplicable in this case, the trial court abused its discretion by relying on issue preclusion to deny the developers' disqualification motion and failing to meaningfully analyze the merits of the motion.

## A. Standard of Review

¶26    Issue preclusion presents a question of law that we review de novo. Bristol Bay Prods., LLC v. Lampack, 2013 CO 60, ¶ 17, 312 P.3d 1155, 1159 (citing Stanton v. Schultz, 222 P.3d 303, 307 (Colo. 2010)).

¶27    Similarly, a trial court's interpretation of a rule of professional conduct raises a question of law that we review de novo. Hoskins, ¶ 17, 333 P.3d at 834 (citing People v. Nozolino, 2013 CO 19, ¶ 9, 298 P.3d 915, 918). We review a trial court's decision whether to disqualify counsel for abuse of discretion. Id. (citing People v. Shari, 204 P.3d 453, 457 (Colo. 2009)). A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if the trial court applies the incorrect legal standards. Garcia v. Medved Chevrolet, Inc., 263 P.3d 92, 97 (Colo. 2011).

## B. Relevant Law

### 1. Issue Preclusion

¶28    The doctrine of issue preclusion (historically called collateral estoppel) bars litigation of previously decided issues in certain circumstances. Stanton, 222 P.3d at

14

307. By barring such successive litigation, the doctrine "protect[s] litigants from needless relitigation of the same issues, further[s] judicial economy, and promote[s] the integrity of the judicial system by affirming that one can rely upon judicial decrees because they are final." Wolfe v. Sedalia Water & Sanitation Dist., 2015 CO 8, ¶ 14, 343 P.3d 16, 22 (citing Lobato v. Taylor, 70 P.3d 1152, 1165–66 (Colo. 2003)).

¶29     The party seeking to assert issue preclusion to bar relitigation of an issue must show that:

> (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

Stanton, 222 P.3d at 307 (citing Rantz v. Kaufman, 109 P.3d 123, 139 (Colo. 2005)); see also Foster v. Plock, 2017 CO 39, ¶ 13, ___ P.3d ___.

¶30     Although it is clear that issue preclusion applies only to "identical" issues, Stanton, 222 P.3d at 307, "one of the most difficult issue preclusion questions 'is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment,'" Bristol Bay Prods., ¶ 17, 312 P.3d at 1159 (quoting Restatement (Second) of Judgments § 27 cmt. c (1982)). Addressing this question, we have recognized that the identity or nonidentity of issues turns on the elements that the claimant must establish to prove his or her substantive claim or defense. See id. at ¶ 25, 312 P.3d at 1160. Accordingly, "[a] change in facts may render issue preclusion inapplicable in one context but not in another—the question is whether the change in facts matters in light of the elements

15

needed to prove a party's claims." Id. at ¶ 24, 312 P.3d at 1160 (citing 18 James W. Moore et al., Moore's Federal Practice § 132.02[2][e] (Matthew Bender 3d ed. 2013)).

¶31 Because the applicability of issue preclusion depends on the essential elements of the particular claim or issue to be precluded, we turn now to the law of former-client conflicts under Colo. RPC 1.9.

## 2. Colo. RPC 1.9(a)

¶32 Colorado Rule of Professional Conduct 1.9 governs an attorney's duties to former clients.[4] Subsection (a) of the Rule prohibits an attorney from representing a party whose interests are materially adverse to those of a former client if the present and former matters are the same or "substantially related" to one another:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

A client whose former attorney has undertaken such a representation may seek the attorney's disqualification from the matter. See Hoskins, ¶ 25, 333 P.3d at 835. However, "disqualification of a party's chosen attorney is an extreme remedy, [and it is] appropriate only where necessary to preserve the integrity and fairness of judicial proceedings." In re Estate of Meyers, 130 P.3d 1023, 1027 (Colo. 2006).

¶33 To disqualify an attorney under Colo. RPC 1.9(a), the party seeking disqualification must show:

---

[4] Colo. RPC 1.9 is identical to Rule 1.9 of the Model Rules of Professional Conduct from the American Bar Association.

16

> (1) an attorney-client relationship existed in the past; (2) the present litigation involves a matter that is "substantially related" to the prior litigation; (3) the present client's interests are materially adverse to the former client's interests; and (4) the former client has not consented to the disputed representation after consultation.

Hoskins, ¶ 25, 333 P.3d at 835 (quoting Funplex P'ship v. F.D.I.C., 19 F. Supp. 2d 1201, 1206 (D. Colo. 1998)).  Only the second requirement—that the two matters must be "substantially related"—is at issue in this case.

¶34     Under Rule 1.9, "[m]atters are 'substantially related' . . . if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."  Colo. RPC 1.9 cmt. 3.[5]  Here, it is undisputed that Villas is not the "same transaction or legal dispute" as those in which Perczak represented Francescon.  Thus, in such a context, the Rule is concerned with the type of confidential factual information that normally would have been revealed in a typical representation, rather than the confidential factual information that was actually revealed.[6]  See People v. Frisco, 119 P.3d 1093, 1096 (Colo.

---

[5] Although comments to the Rules of Professional Conduct are not binding and do not impose ethical obligations on attorneys independent from a Rule's text, Matter of Gilbert, 2015 CO 22, ¶ 33, 346 P.3d 1018, 1026, we have previously relied on the comments to Rule 1.9 to interpret the Rule's scope, see People v. Frisco, 119 P.3d 1093, 1096 (Colo. 2005).

[6] By drawing this distinction, the Rule protects the former client's confidences.  Colo. RPC 1.9 cmt. 3 ("A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter.").  Indeed, the Rule "would be self-defeating if, in order to obtain its protection, the former client were required to reveal in a public proceeding the particular communication or other confidential

17

2005) ("Because the use of information from a prior representation to the disadvantage of the former client is separately restricted by Rule 1.9(c), Rule 1.9(a) applies only to situations involving an inherent and substantial risk of violating an attorney's duty of loyalty to former clients.").

¶35    Because the Rule is concerned with the <u>risk</u> of disclosure in this context, we have described the inquiry into attorney disqualification under Rule 1.9(a) as "a process of factual reconstruction" that "cannot be limited to the consideration of ultimate legal issues, but must account for facts and circumstances, legal theories and strategies, and even the nature and scope of the attorney's involvement in the former representation." <u>Id.</u>  In other words, the inquiry into whether two matters are "substantially related" requires individualized consideration of the two representations, their underlying legal theories, and the facts that would be necessary to prove or disprove those theories.  <u>See id.</u>

¶36    Where a lawyer handles recurrent yet factually distinct problems, each individual matter is likely to involve a distinct set of dispositive facts.  In such a situation, the information that an attorney obtains in a prior representation is not necessarily relevant in later matters and consequently, there is no substantial risk that the attorney could use the information to gain an unfair advantage.  Thus, in determining whether two matters are "substantially related," the crucial question is whether the confidential factual information in the attorney's probable possession is

information that could be used in the subsequent representation."  Restatement (Third) of the Law Governing Lawyers § 132 cmt. d(iii) (2000).

18

relevant to subsequent claims <u>in a manner that would materially advance those claims</u>—which, in turn, depends on the precise legal theories and allegations in those claims.

¶37 Given that attorney-disqualification issues depend on the particular facts and legal theories involved in each case, issue preclusion will rarely, if ever, apply to attorney-disqualification motions under Rule 1.9 because the issue raised by one attorney-disqualification motion rarely will be "identical" to one in another case. That is, the question of whether the prior and current representations are "substantially related" is a fact-specific inquiry that is tied closely to the particular circumstances of the two representations. With this legal framework in mind, we turn to the facts of the present case to consider the allegations and legal theories involved in Perczak's challenged representations.

## C. Application

¶38 The developers contend that issue preclusion is inapplicable in the context of attorney-disqualification motions because trial courts must ensure fairness in every case and may not delegate that obligation to another court through the application of issue preclusion. The developers further contend that issue preclusion does not apply because the <u>Sawgrass</u> order was not a "final judgment on the merits," <u>see</u> <u>Stanton</u>, 222 P.3d at 307. We do not reach these arguments, however, because we conclude that issue preclusion is inapplicable for another, more conspicuous reason—namely, that the issue of disqualification under Colo. RPC 1.9 considered in the <u>Sawgrass</u> order is not "identical" to the disqualification issue raised by the developers' motion in this case.

19

¶39　　Considering the legal theories and supporting facts underlying the claims for relief in Sawgrass and Villas, we conclude that the attorney-disqualification motions in Sawgrass and Villas do not raise "identical" issues. To be sure, both of the cases concern construction-defect litigation and include claims for negligence, breach of implied warranty, misrepresentation/nondisclosure, and breach of fiduciary duty. However, in this case, the homeowners' association also asserted claims against Francescon individually for conversion and civil theft, arising from an allegedly illegal sale of a tract of land to the Highland Park Metropolitan District. And indeed, one of the developers' principal arguments as to why Perczak must be disqualified from this case is that she "reverse-engineered" these claims from the confidential information she obtained in her prior representation of Francescon.

¶40　　In contrast to the claims of the amended complaint in Villas, however, the complaint in Sawgrass contained no analogous claims of conversion or civil theft. Indeed, in Polk's proffered testimony, Polk agreed that the confidential factual information implicated in this attorney-disqualification motion was "different from the 'risk management' information that was presented to and considered by [the Sawgrass court]" in the disqualification motion in Sawgrass. Thus, the Villas attorney-disqualification motion implicates different "confidential factual information" than the Sawgrass attorney-disqualification motion. It therefore follows that the Villas attorney-disqualification issue is not "identical" to the Sawgrass attorney-disqualification issue because the analysis of the relationship between the prior and current representations at

20

issue in <u>Sawgrass</u> is different from the analysis of the relationship between the prior and current representations at issue in this case.

¶41 We further note that although the <u>Villas</u> and <u>Sawgrass</u> complaints shared certain claims in common, such as various negligence claims, those claims arose from different alleged defects in separate residential real-estate developments. <u>See</u> Colo. RPC 1.9 cmt. 2 ("[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client."). In addition, the <u>Sawgrass</u> complaint pre-dated the <u>Villas</u> complaint by nearly three years, and Rule 1.9(a)'s comments also contemplate that the passage of time may be relevant in determining whether two matters are "substantially related." <u>See</u> Colo. RPC 1.9 cmt. 3. These considerations further show that the <u>Villas</u> and <u>Sawgrass</u> attorney-disqualification motions do not raise "identical" issues, and we therefore conclude that issue preclusion does not bar the developers' attorney-disqualification motion.

¶42 In this case, however, the trial court granted the motion to strike, which was founded entirely on the argument that issue preclusion barred the developers' motion to disqualify. In so doing, the trial court failed to consider whether the present case is related to Perczak's prior representation of Francescon in the same manner that <u>Sawgrass</u> related to that prior representation, such that the two disqualification motions could be fairly characterized as raising "identical" issues. As described above, the two disqualification motions do not raise "identical" issues, given the distinct real-estate

21

developments and alleged defects in the two cases, the unique nature of the amended claims in <u>Villas</u>, and the passage of time between the two cases. Accordingly, the doctrine of issue preclusion does not bar the developers' disqualification motion in this case.

¶43 As an alternate basis supporting the trial court's decision, Perczak and the Burg Firm contend that in its order, the trial court properly denied the developers' disqualification motion on the merits of their Rule 1.9 argument, rather than relying solely on issue preclusion. This argument is based on the final paragraph of the trial court's order, in which the court concluded Perczak's knowledge of Francescon's fear of being sued personally would not cause a conflict or materially advance the homeowners' association's claims against Francescon.

¶44 However, the argument that the trial court properly denied the disqualification motion on the merits is belied by the fact that the trial court granted the motion to strike on the basis of issue preclusion. This action by the trial court is inconsistent with Perczak's and the Burg Firm's argument because a motion to strike, if granted, has the effect of deleting the stricken material—here, the developers' motion to disqualify.

¶45 Moreover, to the extent that the trial court addressed the merits of the developers' motion to disqualify, we conclude that the trial court abused its discretion by failing to adequately analyze the motion or make supporting findings, as required in an inquiry under Colo. RPC 1.9. The trial court's brief, one-paragraph analysis of the merits of the developers' motion contains no discussion of the applicable legal standard under Rule 1.9 and no factual findings with respect to the scope of the prior

22

representation, the scope of the present representation, or the relation among the two. Because we are unable to determine whether the trial court applied the proper standard, we must conclude that the trial court abused its discretion in denying the defendants' motion to disqualify.[7] Cf. Frisco, 119 P.3d at 1097 (concluding that the trial court abused its discretion in disqualifying defense counsel, where, "[i]n light of . . . the court's brief explanation of its order, it [was] not even clear that the district court correctly applied the substantial relationship test to require an evaluation of the likelihood that counsel acquired relevant confidential factual information in the prior representation").[8]

## IV. Conclusion

¶46     We conclude that issue preclusion does not bar the developers' motion to disqualify Perczak under Colo. RPC 1.9.  Specifically, the issue of whether Perczak's

---

[7] The trial court's later orders denying the defendants' motion for protective orders (dated July 11, 2016) and motion to compel Perczak's attendance at a deposition (dated July 18, 2016) do not change this result.  Those later orders refer back to the order on the developers' disqualification motion, reiterating the content of the proffer received by the court and the court's conclusion that disqualification was not required based on Perczak's knowledge of Francescon's fear of being sued personally.  But like the order on the developers' disqualification motion, the later orders do not explain the nature and scope of the prior and present representations or the relation among the two.  In addition, the trial court's order dated July 18, 2016, confirms that the court granted the motion to strike on grounds of issue preclusion—an action that is inherently inconsistent with Perczak's and the Burg Firm's argument that the trial court properly resolved the motion to disqualify on its merits.

[8] We express no view of the merits of the disqualification motion.  On remand, the trial court is in the best position to determine, in the first instance, whether the present case is "substantially related" to Perczak's prior representation of Francescon, considering the particular legal theories and dispositive facts involved in the various representations.

representation in <u>Sawgrass</u> was "substantially related" to her prior representation of Francescon is not "identical" to the issue of whether the present case is "substantially related" to Perczak's prior representation of Francescon for purposes of Colo. RPC 1.9(a), given the distinct real-estate developments and alleged defects in the cases, the unique nature of the amended claims in <u>Villas</u>, and the passage of time between the cases. Accordingly, we conclude that the trial court abused its discretion in relying on issue preclusion to deny the disqualification motion, instead of conducting the requisite analysis under Colo. RPC 1.9(a). We therefore make the rule absolute, vacate the trial court's order denying the developers' motion to disqualify Perczak and her law firm, and remand this case for the trial court to address the merits of the developers' motion to disqualify under Colo. RPC 1.9(a).

**JUSTICE GABRIEL** dissents, and **JUSTICE EID** and **JUSTICE HOOD** join in the dissent.

JUSTICE GABRIEL, dissenting.

¶47    The majority asserts that the district court denied the defendant developers' disqualification motion on issue preclusion grounds without meaningfully analyzing whether, for purposes of disqualification under Colo. RPC 1.9(a), this case is "substantially related" to the prior matters in which Mari Perczak represented Dale Francescon.  Maj. op. ¶ 4.  The majority proceeds to conclude that (1) a motion to disqualify will "rarely, if ever" raise an identical issue to a disqualification motion in another case; (2) the district court here erred in ruling based on the issue preclusion doctrine because the issues in this case were not identical to those presented in Sawgrass at Plum Creek Community Association, Inc. v. Sawgrass at Plum Creek, LLC, No. 2010CV3532 (Douglas Cty. Dist. Court, Sept. 5, 2013); and (3) a remand is necessary so that the district court can address the merits of the developers' disqualification motion.  Maj. op. ¶¶ 5–6, 37, 46.

¶48    In my view, the majority misapprehends the district court's order in this case.  The district court did address the merits of the disqualification motion, and it concluded, with ample record support, that the developers had not established the requisite substantial relationship between this case, on the one hand, and the prior matters in which Perczak represented Francescon, on the other.  Because I believe that the district court's ruling on the merits of the disqualification motion was supported by the record and the applicable law, I would conclude that the court properly exercised its discretion, and I need not address the applicability of the issue preclusion doctrine.  As a result, I would discharge the order to show cause.

1

¶49    Accordingly, I respectfully dissent.

## I.  Analysis

¶50    I first address the district court's ruling in this case, and I conclude that the court properly found that the developers had not shown the substantial relationship required to support the "extreme remedy" of attorney disqualification under Colo. RPC 1.9.  In re Estate of Meyers, 130 P.3d 1023, 1027 (Colo. 2006).  Although, based on this analysis, I need not consider the applicability of issue preclusion here, I feel compelled to address the majority's statement that a disqualification motion will "rarely, if ever" raise an identical issue to a disqualification motion in another case.  For the reasons that I discuss below, I believe that the majority's statement unnecessarily pre-judges future cases and may, in any event, be incorrect.

## A.  The District Court's Order

¶51    To understand the district court's order in this case, one must consider the context in which it was entered.

¶52    The developers filed a motion to disqualify Perczak, arguing that Perczak and her current law firm should be disqualified because their representation of the plaintiff homeowners' association in this case was substantially related to Perczak's prior representation of Francescon.  Thereafter, the homeowners' association filed a motion to strike the developers' motion.  In this motion, the homeowners' association argued that the motion to disqualify should be stricken based on the issue preclusion doctrine.  Alternatively, the homeowners' association requested additional time to respond to the

motion to disqualify. The parties' cross-motions thus put in question both the issue preclusion doctrine and the merits of the disqualification motion.

¶53    On February 24, 2015, Judge Cross issued an order denying in part the homeowners' association's motion to strike. As pertinent here, the court concluded that a further hearing would be necessary to determine whether anything that Perczak may have learned in her representation of Francescon would materially advance the homeowners' association's claims against Francescon in this case.

¶54    Thereafter, on March 19, 2015, Judge Cross clarified his February order:

> The Court's Order on the Motion to Strike contemplates a hearing, which is set for May 21, on whether Ms. Perczak may have learned anything in her representation of Mr. Francescon which would materially advance the personal claims against Mr. Francescon in this case. If not, then not only would the Motion to Strike be granted on the issue of claim preclusion [sic], but also the Motion to Disqualify would be denied <u>because there is no conflict</u>.

(Emphasis added.) The court also (1) ordered the homeowners' association to respond to the motion to disqualify and (2) set deadlines for the response and any reply brief.

¶55    As the majority correctly observes, maj. op. ¶¶ 34, 36, under Colo. RPC 1.9, the test for whether matters are substantially related asks if the matters "involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Colo. RPC 1.9 cmt. 3. Accordingly, Judge Cross's March order made clear that a hearing would be necessary specifically to decide whether the matters at issue were substantially related for purposes of Rule 1.9.

3

¶56     Consistent with this directive, Judge Weishaupl conducted a hearing and considered the parties' substantial offers of proof, which included orders on similar motions filed in prior cases, filings from the prior cases, a number of affidavits from Francescon, and written opinions from experts in the field.

¶57     In a written order issued on February 25, 2016, the court ultimately denied the motion to disqualify and granted the motion to strike. In so ruling, the court concluded:

> Testimony revealed that Mr. Francescon was concerned that Ms. Perczak would know his feelings regarding being personally sued and would be able to use those fears or concerns to her client's advantage. The Court does not find that this understanding would constitute something that Ms. Perczak may have learned in her representation of Mr. Francescon which would cause a conflict or materially advance Plaintiff's personal claims against Mr. Francescon in this case. It appears to the Court that all litigants before the Court may have fears of being personally sued and this is not something that would encompass an advantage or materially advance Plaintiff's personal claims against Mr. Francescon.

¶58     For the reasons set forth above, I understand this order to be a ruling on the merits of whether the matters at issue were substantially related for purposes of Rule 1.9. As noted above, the test for whether matters are substantially related asks, in pertinent part, whether there is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially have advanced the client's position in the subsequent matter. Colo. RPC 1.9 cmt. 3. The district court addressed this exact question and concluded that the developers had not met their burden to establish grounds for Perczak's disqualification.

¶59     In my view, the district court's findings were well supported by the record. Indeed, in their briefs and at oral argument in this court, the developers supported their

argument for Perczak's and her firm's disqualification with the very same types of conclusory assertions that they presented to the district court, arguing, for example, that Perczak came to know Francescon's concern about being sued personally, his desire for risk avoidance and insurance coverage for claims asserted against him, and his use of special districts as a means of financing.

¶60 I agree with the district court that concern for risk avoidance and a desire to avoid personal liability exist in virtually every case and that this type of information, as well as information regarding the use of special districts as a means of financing, is not confidential and certainly does not support the "extreme remedy" of attorney disqualification. Estate of Meyers, 130 P.3d at 1027.

¶61 In this regard, I note that it is not sufficient for a movant seeking attorney disqualification to argue, as the developers essentially did at oral argument before us, that the movant was required to speak in broad generalities so as to avoid revealing in a public proceeding the confidential information that the movant was seeking to protect. Although it is certainly true that a court should take care not to require the public disclosure of such information, our rules provide a mechanism by which movants such as the developers can protect confidential information while prosecuting a motion to disqualify an attorney under Rule 1.9. See, e.g., C.R.C.P. 121, § 1-5 (concerning the limitation of access to court files). Accordingly, a party seeking an attorney's disqualification cannot rely on the confidentiality of the information at issue to excuse its failure to carry its burden of establishing the requisite grounds for attorney disqualification.

5

¶62 For all of these reasons, I perceive no abuse of discretion in the district court's ruling at issue.

¶63 I am not persuaded otherwise by the majority's contention that the district court's granting of the homeowners' association's motion to strike belies the assertion that the court ruled on the merits of the developers' disqualification motion. Maj. op. ¶ 44. In the majority's view, the order granting the motion to strike had the effect of deleting the stricken material, id., and thus, presumably, the district court would no longer have had before it the motion to disqualify. Were that correct, however, then the court would have had no reason to comment on the merits of the disqualification motion. Rather, it would have deemed that motion moot. But that is not what the court did. Instead, perhaps with the intent of taking a "belt and suspenders" approach, the court granted the motion to strike and then ruled on the merits of the disqualification motion, as the above-quoted March 2015 order indicated the court would do. Although the court may not have needed to make the latter ruling, its order makes clear that it did so.

¶64 Nor am I persuaded by the developers' suggestion that the homeowners' association's amended complaint was "reverse-engineered" based on confidential information to which Perczak had access while representing Francescon. The developers offered nothing to support this conclusory assertion other than the facts that Francescon was understandably concerned about personal liability, that he structured his affairs to protect himself, and that he used special districts as a means of financing. None of these facts is either confidential or particularly noteworthy. Many experienced

and sophisticated businesspeople share the same concerns and engage in the same kinds of activities to protect themselves.

¶65    In addition, as the majority correctly observes, see maj. op. ¶ 41, (1) "[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client," Colo. RPC 1.9 cmt. 2, and (2) the passage of time may be relevant in determining whether two matters are substantially related, Colo. RPC 1.9 cmt. 3.  In my view, both of these factors support the district court's conclusion that the matters at issue here were not substantially related.  Specifically, the mere fact that Perczak recurrently handles construction defect actions like that at issue here does not alone preclude her from representing a subsequent client against a former client in a construction defect case.  Moreover, it is undisputed that Perczak last represented Francescon more than a decade ago.

¶66    Accordingly, I would discharge the order to show cause in this case without reaching the question of the applicability of the issue preclusion doctrine in the context of an attorney disqualification motion.

## B.  Issue Preclusion

¶67    As noted above, in addressing the question of issue preclusion, the majority states that a motion to disqualify will "rarely, if ever" raise an identical issue to a disqualification motion in another case.  Maj. op. ¶¶ 5, 37.  Because I do not believe that

7

so broad a statement is necessary, nor am I convinced that it is correct, I feel compelled to comment on this issue.

¶68 In this case, the developers have asked us to conclude, as a matter of law, that the issue preclusion doctrine does not apply in the context of an attorney disqualification motion. The majority appears to reject that position, and so would I. I see no reason to adopt a categorical rule exempting one kind of matter from the doctrine of issue preclusion, nor have I seen any persuasive case law supporting such a position.

¶69 The majority, however, posits that the issue preclusion doctrine will rarely, if ever, apply in this kind of case. The majority thus adopts a principle of law that appears to come close to the categorical rule that it seemingly rejects. I cannot subscribe to such a principle, particularly when I perceive no reason for doing so.

¶70 In any event, I am not as persuaded as the majority that the issue preclusion doctrine will rarely, if ever, apply in the context of an attorney disqualification motion. The majority correctly notes that in this case, the homeowners' association asserts personal claims against Francescon that were not asserted in the Sawgrass case. That may or may not undermine an assertion as to the identity of claims here. But what if the homeowners' association did not assert such additional claims and the causes of action asserted here were identical to those asserted in the Sawgrass case? It is not so clear to me that the identity of claims would be undermined solely by the fact that the cases involved different properties. Rather, the issue would turn on the nature of the claims asserted and the confidential information alleged to have been available to the attorney.

8

¶71 In short, I perceive no reason to pre-judge future assertions of issue preclusion, particularly when doing so could be conceived as condoning (or at least inviting) the kind of seriatim disqualification motions that were filed in this and several prior cases. I would rather leave the preclusion question in the capable hands of trial judges who are in a better position to assess such matters on a case-by-case basis.

## II. Conclusion

¶72 Because I believe that the district court in this case properly exercised its discretion, I would discharge the rule to show cause. Accordingly, I respectfully dissent.

I am authorized to state that JUSTICE EID and JUSTICE HOOD join in this dissent.