2017 CO 44

**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Melissa Heather KING, Defendant–Appellee.**

Supreme Court Case No. 16SA170

Supreme Court of Colorado.

May 15, 2017

Attorneys for Plaintiff–Appellant: George H. Brauchler, District Attorney, Eighteenth Judicial District, Jennifer Gilbert, Deputy District Attorney, Centennial, Colorado

Attorneys for Defendant–Appellee: Lloyd L. Boyer, P.C., Lloyd L. Boyer, Englewood, Colorado

JUSTICE HOOD delivered the Opinion of the Court.

¶1 Just after midnight on September 6, 2015, Officer Luke Bishard responded to a report of a vehicle driving erratically, swerving between lanes and driving northbound in the southbound lanes of the road. Officer Bishard made contact with the driver of the vehicle—the defendant, Melissa King—and he observed that her eyes were glassy and her speech was slurred. King admitted to having stopped for a drink on her way home from work. She attempted but failed to successfully perform voluntary roadside maneuvers.

¶2 Officer Bishard arrested King for driving under the influence of alcohol ("DUI"). After the arrest, he read her an advisement consistent with Colorado's Expressed Consent Statute, section 42-4-1301.1, C.R.S. (2016), which provides that a person who drives in the state of Colorado consents to take a blood or breath test when requested to do so by a law enforcement officer with probable cause to suspect the motorist of driving under the influence.

¶3 King refused to submit to either a blood or breath test.

¶4 Section 42-4-1301(6)(d), C.R.S. (2016), provides that if a driver who refuses to submit to a test subsequently stands trial for DUI, that refusal shall be admissible into evidence at trial.

¶5 The People charged King with DUI. Before trial, King filed a motion to declare section 42-4-1301(6)(d) unconstitutional as applied. The trial court granted King's motion, reasoning:

> [W]here, as in this case, law enforcement has not established the existence of exigent circumstances or some other exception to the warrant requirement, admission of ... refusal evidence in order to establish [a] defendant's guilt would improperly punish a defendant for exercising his or her constitutional right [to be free from unreasonable searches] and, thus, would violate the Due Process Clause.

The court therefore precluded the People from introducing evidence of King's refusal to consent to a blood or breath test in order to establish her guilt.

¶6 The People filed this interlocutory appeal, and we now reverse the trial court's order, for the reasons set forth below.

¶7 The trial court concluded that section 42-4-1301(6)(d) was unconstitutional as applied to King. To prevail on an as-applied constitutional challenge, the challenging party must "establish that the statute is unconstitutional 'under the circumstances in which the plaintiff has acted or proposes to act.'" Qwest Servs. Corp. v. Blood, 252 P.3d 1071, 1085 (Colo.2011) (quoting Developmental Pathways v. Ritter, 178 P.3d 524, 534 (Colo.2008)). "The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it utterly inopera-

**518**

tive." Developmental Pathways, 178 P.3d at 534 (quoting Sanger v. Dennis, 148 P.3d 404, 411 (Colo.App.2006)).

¶8 This court recently addressed the constitutionality of section 42-4-1301(6)(d) in Fitzgerald v. People, 2017 CO 26, 394 P.3d 671. The petitioner in that case, Fitzgerald, argued that the admission of refusal evidence amounted to an impermissible penalty on the exercise of his right to be free from unreasonable searches, guaranteed by the Fourth Amendment to the United States Constitution. Id. at ¶ 16, 394 P.3d at 674.

¶9 Fitzgerald's argument was based on Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), in which the United States Supreme Court held that the Fifth Amendment forbids the prosecution from commenting on a defendant's refusal to testify at his own trial and the trial court from instructing the jury that refusal is evidence of the defendant's guilt. The Court explained that allowing commentary on a defendant's silence would impose a penalty on the assertion of a constitutional right. Id. at 614, 85 S.Ct. 1229. But, as we explained in Fitzgerald, ¶ 19, 394 P.3d at 674, the Supreme Court has curtailed the application of Griffin in the context of DUI refusal evidence, South Dakota v. Neville, 459 U.S. 553, 560 n.10, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) ("Unlike the defendant's situation in Griffin, a person suspected of drunk driving has no constitutional right to refuse to take a blood-alcohol test. The specific rule of Griffin is thus inapplicable."). We therefore rejected Fitzgerald's contentions. See Fitzgerald, ¶ 24, 394 P.3d at 675; People v. Hyde, 2017 CO 24, ¶ 27, 393 P.3d 962, 968 (stating that "there is no constitutional right to refuse a blood-alcohol test" and citing to United States and Colorado Supreme Court cases establishing that point).

¶10 We also noted that Birchfield v. North Dakota, —— U.S. ——, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), does not call into question section 42-4-1301(6)(d)'s authorization of the use of refusal evidence. In Birchfield, the Supreme Court disapproved of implied consent laws that criminalize a driver's refusal to undergo testing. 136 S.Ct. at 2185–86. But the Court sanctioned the use of laws that impose only civil penalties and evidentiary

consequences on a driver's refusal, as Colorado's law does. Id. at 2185; see also Fitzgerald, ¶ 25; Hyde, ¶¶ 25–26, 393 P.3d at 968. Accordingly, in Fitzgerald, ¶ 27, 393 P.3d at 676, we held that the prosecution's use of a defendant's refusal to consent to a blood or breath test as evidence of guilt does not violate the Fourth Amendment.

¶11 Given our holding in Fitzgerald, King's as-applied challenge to section 42-4-1301(6)(d) fails. We therefore reverse the trial court's order and remand for proceedings consistent with this opinion and with Fitzgerald.