2017 CO 47

**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Depree Lavar MAXWELL, Defendant–Appellee.**

**Supreme Court Case No. 16SA194**

Supreme Court of Colorado.

May 15, 2017

Attorneys for Plaintiff–Appellant: George H. Brauchler, District Attorney, Eighteenth Judicial District, Jennifer Gilbert, Deputy District Attorney, Centennial, Colorado

Attorneys for Defendant–Appellee: Douglas K. Wilson, Public Defender, Yona Porat, Deputy Public Defender, Centennial, Colorado

JUSTICE HOOD delivered the Opinion of the Court.

¶1 The defendant, Depree Maxwell, was involved in a car crash on November 20, 2015. Responding police officers observed that Maxwell appeared to be intoxicated: he smelled of alcohol, had bloodshot and watery eyes, and was slurring his speech. Maxwell was unable to provide his driver's license or proof of insurance, and he admitted to having consumed a few shots of vodka prior to the crash. He attempted to perform voluntary roadside sobriety maneuvers, but failed.

¶2 One of the officers arrested Maxwell for driving under the influence of alcohol ("DUI"). After the arrest, he read Maxwell an advisement consistent with Colorado's Expressed Consent Statute, section 42-4-1301.1, C.R.S. (2016), which provides that a person who drives in the state of Colorado consents to take a blood or breath test when requested to do so by a law enforcement officer with probable cause to suspect the motorist of driving under the influence.

¶3 Maxwell refused to submit to either a blood or breath test.

¶4 Section 42-4-1301(6)(d), C.R.S. (2016), provides that if a driver who refuses to submit to a test subsequently stands trial for DUI, that refusal shall be admissible into evidence at trial.

¶5 The People charged Maxwell with DUI. Before trial, Maxwell filed a motion to declare section 42-4-1301(6)(d) unconstitutional on its face and as applied. The trial court rejected Maxwell's facial challenge, but it granted Maxwell's motion with respect to the as-applied challenge, reasoning:

> [W]here, as in this case, law enforcement has not established the existence of exigent circumstances or some other exception to the warrant requirement, admission of ... refusal evidence in order to establish [a] defendant's guilt would improperly punish a defendant for exercising his or her constitutional right [to be free from unreasonable searches] and, thus, would violate the Due Process Clause.[1]

---

1. Maxwell was charged with DUI not only in this case, but also in a separate case on the trial court's docket. The court had already entered an order in the first case finding section 42-4-1301(6)(d) unconstitutional as applied to Maxwell. We review that order in People v. Maxwell, 2017 CO 46, 401 P.3d 523, which we also announce today. Rather than writing a new and nearly identical order in the present case, the trial court made an oral ruling granting Max-

The court therefore precluded the People from introducing evidence of Maxwell's refusal to consent to a blood or breath test in order to establish his guilt.

¶6 The People filed this interlocutory appeal, and we now reverse the trial court's order, for the reasons set forth below.

¶7 The trial court concluded that section 42-4-1301(6)(d) was unconstitutional as applied to Maxwell. To prevail on an as-applied constitutional challenge, the challenging party must "establish that the statute is unconstitutional 'under the circumstances in which the plaintiff has acted or proposes to act.'" Qwest Servs. Corp. v. Blood, 252 P.3d 1071, 1085 (Colo.2011) (quoting Developmental Pathways v. Ritter, 178 P.3d 524, 534 (Colo.2008)). "The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it utterly inoperative." Developmental Pathways, 178 P.3d at 534 (quoting Sanger v. Dennis, 148 P.3d 404, 411 (Colo.App.2006)).

¶8 This court recently addressed the constitutionality of section 42-4-1301(6)(d) in Fitzgerald v. People, 2017 CO 26, 394 P.3d 671. The petitioner in that case, Fitzgerald, argued that the admission of refusal evidence amounted to an impermissible penalty on the exercise of his right to be free from unreasonable searches, guaranteed by the Fourth Amendment to the United States Constitution. Id. at ¶ 16, 394 P.3d at 674.

¶9 Fitzgerald's argument was based on Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), in which the United States Supreme Court held that the Fifth Amendment forbids the prosecution from commenting on a defendant's refusal to testify at his own trial and the trial court from instructing the jury that refusal is evidence of the defendant's guilt. The Court explained that allowing commentary on a defendant's silence would impose a penalty on the assertion of a constitutional right. Id. at 614, 85 S.Ct. 1229. But, as we explained in Fitzgerald, ¶ 19, 394 P.3d at 674, the Su-

preme Court has curtailed the application of Griffin in the context of DUI refusal evidence, South Dakota v. Neville, 459 U.S. 553, 560 n.10, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) ("Unlike the defendant's situation in Griffin, a person suspected of drunk driving has no constitutional right to refuse to take a blood-alcohol test. The specific rule of Griffin is thus inapplicable."). We therefore rejected Fitzgerald's contentions. See Fitzgerald, ¶ 24, 394 P.3d at 675; People v. Hyde, 2017 CO 24, ¶ 27, 393 P.3d 962, 968 (stating that "there is no constitutional right to refuse a blood-alcohol test" and citing to United States and Colorado Supreme Court cases establishing that point).

¶10 We also noted that Birchfield v. North Dakota, —— U.S. ——, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), does not call into question section 42-4-1301(6)(d)'s authorization of the use of refusal evidence. In Birchfield, the Supreme Court disapproved of implied consent laws that criminalize a driver's refusal to undergo testing. 136 S.Ct. at 2185–86. But the Court sanctioned the use of laws that impose only civil penalties and evidentiary consequences on a driver's refusal, as Colorado's law does. Id. at 2185; see also Fitzgerald, ¶ 25; Hyde, ¶¶ 25–26, 393 P.3d at 968. Accordingly, in Fitzgerald, ¶ 27, 394 P.3d at 676, we held that the prosecution's use of a defendant's refusal to consent to a blood or breath test as evidence of guilt does not violate the Fourth Amendment.

¶11 Given our holding in Fitzgerald, Maxwell's as-applied challenge to section 42-4-1301(6)(d) fails. We therefore reverse the trial court's order and remand for proceedings consistent with this opinion and with Fitzgerald.

well's motion, in which it incorporated the order from the first case by reference. The language we

quote here is from that first order.