Colorado Supreme Court
May 2017 Summaries of Selected Opinions

May 15, 2017

**2017 CO 39. No. 16SC366. Foster v. Plock.** *Claim Preclusion—Issue Preclusion—Mutuality.*

In this case, the Supreme Court considered whether mutuality is a necessary element of defensive claim preclusion. Although multiple divisions of the Court of Appeals have concluded that mutuality need not be established for the defensive use of claim preclusion, the Court disagrees. Instead, the Court concluded that mutuality is a necessary element of defensive claim preclusion. The Court also concluded that mutuality existed in this case, as did the remaining elements of claim preclusion, and therefore affirmed the judgment of the Court of Appeals on other grounds.

**2017 CO 40. No. 12SC832. Montoya v. People.** *Extreme Indifference Murder—Self-Defense—Accessory to Crime—Invited Error.*

Montoya petitioned for review of the Court of Appeals' judgment affirming his convictions for attempted extreme indifference murder, reckless manslaughter, criminally negligent homicide, and accessory to crime. *See People v. Montoya*, No. 06CA1875 (Colo.App. Sept. 13, 2012). Montoya and his cousin were tried together for the shooting death of a woman at a party, in the course of which they each fired a number of rounds in the direction of other party-goers. In a separate appeal to the Court of Appeals, Montoya's homicide convictions were initially reversed for failure to properly instruct concerning self-defense against multiple assailants, but upon remand for reconsideration in light of intervening Supreme Court jurisprudence, all of his convictions were affirmed, not only with regard to the disputed issue of multiple assailants but against a variety of other assignments of error as well. Montoya's subsequent petition for a writ of certiorari was partially granted by this Court.

The Supreme Court affirmed the judgment of the Court of Appeals. The Court held that (1) there was sufficient evidence to support Montoya's conviction of attempted extreme indifference murder; (2) Montoya was barred from challenging on appeal the sufficiency of the evidence supporting his conviction for being an accessory to crime, a lesser non-included offense presented to the jury at his request; and (3) Montoya's simultaneous convictions of reckless manslaughter and accessory to crime neither merged nor required concurrent sentences.

**2017 CO 41. No. 15SC226. Colorado Department of Revenue v. Creager.** *Statutory Construction—Tobacco taxation.*

The Supreme Court granted certiorari review to determine whether Blunt Wraps, a type of cigar wrapper made in part of tobacco and designed to be filled with smoking material and smoked, may be taxed as "tobacco products," as that term is defined in CRS

§ 39-28.5-101(5). The Court held that because Blunt Wraps are a "kind" or "form" of tobacco and are "prepared in such manner as to be suitable . . . for smoking," they fall within the plain language of the statutory definition of "tobacco products" and are taxable accordingly. The Court therefore reversed the judgment of the Court of Appeals.

**2017 CO 42. No. 15SC710. Stoorman v. Dixon**. *Attorneys' Liens—Dissolution of Marriage.*

In this case, the Supreme Court considered whether attorneys' charging liens may attach to spousal maintenance awards under Colorado's attorney's lien statute. The Court applied the plain language of the attorney's lien statute, CRS § 12-5-119, which provides that attorneys shall have a lien on "any judgment they may have obtained or assisted in obtaining," and held that an attorney's charging lien may attach to an award of spousal maintenance. Accordingly, the Court reversed the Court of Appeals' judgment and remanded this case to that court with instructions to return the case to the trial court for proceedings consistent with this opinion.

**2017 CO 43. No. 16SA166. Select Energy Services, LLC v. K-LOW, LLC.** *Water Law—Change of Water Right—Rules of Water Decree Interpretation—Nature and Extent of Right Acquired.*

This appeal from the water court in Water Division No. 1 concerns the nature and extent of a water right following a recent change to its diversion point. The right initially diverted water at a headgate on the South Platte River, but pursuant yo the recently enacted simple change statute, CRS § 37-92-305(3.5), its owner changed that diversion point to a pump farther downstream. Interpreting the decree recognizing the change, the water court concluded it did not include a right to divert water from a ditch historically used to convey the water right. On appeal, Supreme Court reached the same conclusion. Because, by its plain language, the decree defining the water right allows its holder to divert water only at the pump downriver from the disputed ditch, and that language is not susceptible to any other reasonable interpretation, the Court concluded that the decree does not include a right to divert water from that ditch. The Court therefore affirmed the water court's judgment.

**2017 CO 44. No. 16SA170. People v. King.** *Searches and Seizures—Refusal to Submit to Blood-Alcohol Testing—Admission of Refusal Evidence.*

In this interlocutory appeal, the Supreme Court considered whether the prosecution's use of a defendant's refusal to consent to blood-alcohol testing as evidence of guilt at trial for a drunk-driving offense, in accordance with CRS § 42-4-1301(6)(d), violates his Fourth Amendment right to be free from unreasonable searches. Because the Court recently held in *Fitzgerald v. People*, 2017 CO 26, P.3d, that the use of such refusal evidence does not violate the Fourth Amendment, that holding controls here, and defendant's challenge to CRS § 42-4-1301(6)(d) fails. The Court therefore reversed the trial court's order.

**2017 CO 45. No. 16SA171. People v. Sewick.** *Searches and Seizures—Refusal to Submit to Blood-Alcohol Testing—Admission of Refusal Evidence.*

In this interlocutory appeal, the Supreme Court considered whether the prosecution's use of a defendant's refusal to consent to blood-alcohol testing as evidence of guilt at trial for a drunk-driving offense, in accordance with CRS § 42-4-1301(6)(d), violates his Fourth Amendment right to be free from unreasonable searches. Because the Court recently held in *Fitzgerald v. People*, 2017 CO 26, P.3d, that the use of such refusal evidence does not violate the Fourth Amendment, that holding controls here, and defendant's challenge to CRS § 42-4-1301(6)(d) fails. The Court therefore reversed the trial court's order.

**2017 CO 46. No. 16SA172. People v. Maxwell.** *Searches and Seizures—Refusal to Submit to Blood-Alcohol Testing—Admission of Refusal Evidence.*

In this interlocutory appeal, the Supreme Court considered whether the prosecution's use of a defendant's refusal to consent to blood-alcohol testing as evidence of guilt at trial for a drunk-driving offense, in accordance with CRS § 42-4-1301(6)(d), violates his Fourth Amendment right to be free from unreasonable searches. Because the Court recently held in *Fitzgerald v. People*, 2017 CO 26, P.3d, that the use of such refusal evidence does not violate the Fourth Amendment, that holding controls here, and defendant's challenge to CRS § 42-4-1301(6)(d) fails. The Court therefore reversed the trial court's order.

**2017 CO 47. No. 16SA194. People v. Maxwell.** *Searches and Seizures—Refusal to Submit to Blood-Alcohol Testing—Admission of Refusal Evidence.*

In this interlocutory appeal, the Supreme Court considered whether the prosecution's use of a defendant's refusal to consent to blood-alcohol testing as evidence of guilt at trial for a drunk-driving offense, in accordance with CRS § 42-4-1301(6)(d), violates his Fourth Amendment right to be free from unreasonable searches. Because the Court recently held in *Fitzgerald v. People*, 2017 CO 26, P.3d, that the use of such refusal evidence does not violate the Fourth Amendment, that holding controls here, and defendant's challenge to CRS § 42-4-1301(6)(d) fails. The Court therefore reversed the trial court's order.