JUSTICE MÁRQUEZ
delivered the Opinion of the Court.
¶1 This original proceeding arises in a construction-defeet case filed by a homeowners’ association against several real-estate developers. An attorney for the homeowners’ association, Mari Perczak, previously represented one of the real-estate developers, Dale Franceseon, when Francescon was a defendant in other construction-defeet litigation. Based on Perczak’s prior representation of Francescon, the developers in this case (including Francescon) moved to disqualify Perczak and her law firm under Rules 1.9 and 1.10 of the Colorado Rules of Professional Conduct.
¶2 Rule 1.9 provides that an attorney has certain ethical duties to former clients that persist even after the attorney-client relationship has concluded. Relevant here, Colo. RPC 1.9(a) prohibits an attorney from representing a party whose interests are materially adverse to those of a former client if the former and present matters are “substantially related” to one another such that there is a substantial risk that confidential information that normally would have been obtained in the prior representation would materially advance the current client’s position in the present matter. People v. Frisco, 119 P.3d 1093, 1096 (Colo. 2005). If an individual attorney has a disqualifying conflict under Colo. RPC 1.9(a), that conflict may be imputed to the lawyer’s firm and require disqualification of the entire firm. See Colo. RPC 1.10.
¶3 This is not the first time Francescon has sought to disqualify Perczak; indeed, Franceseon has moved to disqualify her under Colo. RPC 1.9(a) in at least two other construction-defect eases in which she brought claims on behalf of a homeowners’ association against Francescon and other real-estate developers. In one of these previous cases, Sawgrass at Plum Creek Community Association, Inc. v. Sawgrass at Plum Creek, LLC, the trial court denied the motion to disqualify because it concluded that the Sawgrass lawsuit was not “substantially related” to the prior matters in which Perczak represented Francescon. No. 2010CV3532 (Douglas Cty. Dist. Court Sept. 5, 2013).
¶4 In the present case, the trial court denied the developers’ disqualification motion without meaningfully analyzing for purposes of Colo. RPC 1.9(a) whether this case is “substantially related” to the prior matters in which Perczak represented Francescon. Instead, the trial court relied on issue preclusion, the doctrine that bars relitigation of an issue that is “identical” to an issue that was previously litigated and decided, Stanton v. Schultz, 222 P.3d 303, 307 (Colo. 2010). Here, the trial court appeared to conclude that the Sawgrass ruling denying the motion to disqualify Perczak in that case had preclusive effect so as to bar the developers’ motion under Colo. RPC 1.9(a) in this case. The developers filed a C.A.R. 21 petition in this court, seeking review of the trial court’s order denying the disqualification motion on the basis of issue preclusion.
¶5 We issued a rule to show cause to determine whether the trial court erred in relying on the doctrine of issue preclusion to deny the developers’ attorney-disqualification motion. The disqualification inquiry under Colo. RPC 1.9(a) asks whether an attorney’s prior representation and current representation are “substantially related.” This inquiry under Colo. RPC 1.9(a) is specific to the particular matter for which disqualification is sought. Therefore, we conclude that a motion to disqualify under Colo. RPC 1.9(a) will rarely, if ever, raise an “identical” issue to a disqualification motion in another case because the analysis under Rule 1.9(a) of whether the prior and current matters are substantially related will differ in each ease.
¶6 The dispositive legal issue in the developers’ attorney-disqualification motion— whether this case is “substantially related” to Perczak’s prior representation of Frances-eon — is specific to the present dispute. Moreover, the nature of the claims asserted in this case differs from the nature of the claims asserted in Sawgrass. Thus, we conclude that *1148 the dispositive issue here is not “identical” to the issue decided in Sawgrass, and therefore, the doctiine of issue preclusion does not apply to the developers’ motion in this case. Accordingly, the tidal court abused its discretion by relying on issue preclusion to deny the developers’ disqualification motion. We therefore make the rule absolute, vacate the trial court’s order denying the developers’ motion to disqualify Perczak and her law firm, and remand this ease for the trial court to analyze the merits of the developers’ motion under Colo. RPC 1.9.
I. Facts and Procedural History
¶7 The attorney at the center of this disqualification dispute, Mari Perczak, filed the present lawsuit (“Villas”) on behalf of Villas at Highland Park Homeowners Association, Inc., in November 2013. The lawsuit named as defendants Villas at Highland Park, LLC; CC Communities, LLC; Century Communities, Inc.; and Horizon Building Services, LLC; as well as six individuals, including Dale Francescon (collectively, the “developers”). Because the developers seek relief from the trial court’s denial of their motion to disqualify Perczak and her law firm, we consider the allegations contained in the motion to disqualify.
¶8 According to the developers, Frances-con has been involved in the residential construction business in Colorado since the 1990s. Francescon and his brother founded a number of companies through which they developed- residential construction projects. Between July 1996 and November 1999, various plaintiffs filed six separate lawsuits against those companies; some of those lawsuits also asserted claims directly against the Francescons,
¶9 Perczak, then a partner at the law firm Godin & Baity, served as lead counsel for the Francescons and the corporate defendants in five of those eases. In those earlier matters, Perczak advised the Francescons and the corporate defendants on various topics, including litigation strategies (particularly the defense of alter-ego and construction-defect claims); the establishment and structure of special-purpose corporate entities for residential construction; settlement strategies and risk tolerance; and the nature and extent of the Francescons’ involvement with the corporate entities. Among the defendants in the earlier eases, only Francescon is a defendant in the present litigation.
¶10 Perczak left Godin & Baity in 2006. In 2007, Perczak became a shareholder in the law firm then named Vanatta, Sandgrund, Sullan & Sullan, P.G. (the “Sullan Firm”), which merged in 2014 with the firm in the present case, Burg Simpson Eldredge Hersh & Jardine PC (the “Burg Firm”). As relevant to this case, Perczak and other attorneys with the Sullan Firm represented homeowners’ associations in two construction-defect lawsuits against Francescon and some of the same corporate defendants in this case.
¶11 First, in December 2010, attorneys with the Sullan Firm filed Sawgrass at Plum Creek Community Association, Inc. v. Sawgrass at Plum Creek, LLC (“Sawgrass”), No. 10CV3532 (Douglas Cty. Dist. Court), and Perczak later appeared as counsel for the homeowners’ association. The Sawgrass litigation alleged construction defects at a planned community in Castle Rock, Colorado. The operative complaint in Sawgrass asserted claims against Francescon and other defendants (including one of the defendants in this case, CC Communities, LLC) for negligence, breach of implied warranty, misx-epre-sentation/nondisclosure, violation of the Colorado Consumer Protection Act (“CCPA”), breach of fiduciary duty, and promissoiy es-toppel.
¶12 Second, in March 2011, attorneys with the Sullan Firm filed Highlands at Westbury Townhome Association, Inc. v. Highlands at Westbury, LLC (“Westbury”), No. 11CV333 (Adams Cty. Dist. Court), and Perczak later appeared as counsel for the homeowners’ association. The Westbury litigation alleged construction defects at a community of town-homes in Westminster, Colorado. As in Saw-grass, the operative complaint in Westbury asserted claims against Francescon and several other defendants (including two of the defendants in this case, CC Communities, LLC, and Horizon Building Services, LLC) for negligence, breach of implied warranty, misrepresentation/nondisclosure, violation of *1149 the CCPA, breach of fiduciary duty, and promissory estoppel.
¶13 Perczak and other attorneys with the Sullan Firm filed the present case, Villas at Highland Park Homeowners Association, Inc. v. Villas at Highland Park, LLC, in November 2013. No. 13CV31625 (Arapahoe Cty. Dist. Court). The Villas litigation concerns alleged construction defects in a planned community in Arapahoe County, Colorado. Like the complaint in Sawgrass, the initial complaint in Villas asserted claims on behalf of the homeowners’ association against several corporate defendants, Franeeseon, and several other individual defendants for negligence, breach of implied warranty, misrepresentation/nondisclosure, violation of the CCPA, and breach of fiduciary duty. In September 2014, however, the Villas homeowners’ association filed an amended complaint, adding new claims, including claims for conversion, unjust enrichment, and civil theft. These additional claims arose from the allegedly improper transfer of a parcel of land referred to as “Tract H” from the plaintiff homeowners’ association to the Highland Park Metropolitan District. The claims for conversion and civil theft were asserted against Franeeseon individually, in addition to other defendants.
¶14 Franeeseon and other named defendants moved to disqualify Perczak and her firm under Colo. RPC 1.9 and 1.10 in all three of these cases. In July 2013, the West-bury court initially granted the motion to disqualify in that litigation. The Westbury court concluded that during her prior representation of Franeeseon, Perczak would have learned confidential information about the structure of Francescon’s businesses, which required Perczak’s disqualification under Colo. RPC 1.9(a), as well as the disqualification of the Sullan Firm, because Perczak’s conflict was imputed to the firm under Colo. RPC 1.10. Perczak and the Sullan Firm moved for reconsideration of this ruling. The Westbury court provisionally vacated its disqualification order and allowed the Westbury defendants to file a response to the motion to reconsider. The parties then settled the case before the Westbury court ruled on the motion to reconsider.
¶15 In September 2013, the Sawgrass court denied the motion to disqualify in that litigation. In a detailed, fourteen-page order, the Sawgrass court concluded that disqualification was unwarranted because Perczak’s prior representation of Franeeseon was not “substantially related” to Sawgrass within the meaning of Colo. RPC 1.9(a). Specifically, the Sawgrass court reasoned that although Perczak’s defense of Franeeseon and the Sawgrass lawsuit both involved construction-defect claims based on negligence, the various lawsuits “involve[d] completely distinct projects over a significant period of time.... [Perczak’s prior representations of Frances-con] related to entirely distinct building projects, where there were different applicable building codes, separate contractors, and unique allegations of defective construction,” Several of the Sawgrass defendants sought relief from this court under C.A.R. 21, which we denied. In re CC Cmtys. LLC v. Sawgrass at Plum Creek Cmty. Ass’n, No. 13SA230 (Colo. Sept. 12, 2013). Shortly thereafter, the parties settled.
¶16 The developers[1] filed a motion to disqualify in the present case in September 2014, arguing that Perczak and. her. firm must be disqualified because this matter is “substantially related” to Perczak’s prior representation of Franeeseon.- With the motion, the developers filed supporting documents, including the Westbury initial disqualification order, the Sawgrass disqualification order, lists of filings from the Westbury and Sawgrass cases, four affidavits from Dale Franeeseon, an opinion letter from insurance-defense attorney Daniel Fowler, and an affidavit from professor emeritus of legal ethics Charles Wolfram,
¶17 Perczak and the Burg Firm then moved to strike the developers’ motion to disqualify on the basis of issue preclusion. Perczak and the Burg Firm argued that the Sawgrass order addressed “the same issue, based on effectively identical facts” and con- *1150 eluded that the Sawgrass lawsuit was not “substantially related” to Perczak’s prior representation of Francescon. According to Perczak and the Burg Firm, the Sawgrass order resolved these issues “in a full, fair, and final order,” and therefore, the issue preclusive effect of the Sawgrass order barred the developers’ disqualification motion in this case.
¶18 The trial court held a hearing in February 2015 and denied the motion to strike in part.[2] The court concluded that although “[t]he doctrine of issue preclusion, if shown, applies to this situation,” Perczak and the Burg Firm had not shown that the issue they sought to preclude — whether Perczak must be disqualified because the present ease is “substantially related” to Perczak’s prior representation of Francescon — was “identical” to the issue the court decided in Sawgrass. The court further explained:
Although the surface issue in the prior proceeding was the same — the disqualification of Ms. Perczak [under Colo. RPC 1.9] — the underlying reasons why [the Sawgrass court] determined disqualification was not necessary seem factually different in this case. Although both the prior proceeding and this case have a claim for a violation of the [CCPA], it does not appear that [the Sawgrass court] addressed that claim. Further, this suit, unlike the Saw-grass matter, includes claims directly against Mr. Francescon for Civil Theft, Breach of Fiduciary Duty, and Conversion.
The court concluded that a hearing was necessary “to determine if anything Ms. Perczak may have learned in her representation of Mr. [Francescon],’ other than those things [the Sawgrass court] ruled would not cause a conflict ..., would materially advance Plaintiffs pei’sonal claims against Mr. [Frances-con] in this case.”
¶19 At that hearing, held in May 2015, the developers tendered — and the court accepted — an offer of proof nearly 300 pages in length, consisting of affidavits from, or statements summarizing the anticipated testimony of, Francescon and four other individuals.[3] According to the offer of proof, these witnesses would testify to. the nature of the confidential information that Perczak would have obtained in her prior representation of Francescon, as well as legal opinions on Perczak’s alleged conflict and the applicability of issue preclusion in this context. At the same hearing, defense counsel also argued that issue preclusion did not apply because the issue Perczak and the Burg Firm sought to preclude was not “identical” to the attorney-disqualification issue in Sawgrass. See Tr. of Oral Arg. at 58:13-15, Villas at Highland Park Homeowners Ass’n, Inc. v. Villas at Highland Park, LLC, No. 13CV31625 (Arapahoe Cty. Dist. Court May 21, 2015) (“There is no identity of issues here as is required under the elements of ... issue preclusion....”).
¶20 On February 25, 2016, the trial court entered an order granting Perczak’s and the Burg Firm’s motion to strike on the basis of issue preclusion and denying the developers’ motion to disqualify. The order did not make specific factual findings about the scope of Perczak’s prior and present representations, as the Sawgrass court had done when it concluded that the Sawgrass lawsuit was not “substantially related” to Perczak’s prior representation of Francescon. However, the order reasoned that Perczak’s knowledge of Franeescon’s fear of being sued personally— which was discussed in the offer of proof— would not create a conflict or materially advance the claims against Francescon in this case.
¶21 The developers petitioned this court for a rule to show cause under C.A.R. 21, arguing that the trial court erred in applying issue preclusion based on the Sawgrass order. The developers’'petition further argued *1151 that Perczak and the Burg Firm must be disqualified under Colo. RPC 1.9 and Colo. RPC 1.10 because this case is “substantially related” to the construction-defect matters in which Perczak represented Francescon. We issued a rule to show cause and now make the rule absolute.
II. Original Jurisdiction
¶22 Original relief under C.A.R. 21 is an extraordinary remedy that is limited in both purpose and availability. People v. Darlington, 105 P.3d 230, 232 (Colo. 2005). The exercise of original jurisdiction under C.A.R. 21 falls within this court’s sole discretion. Fognani v. Young, 115 P.3d 1268, 1271 (Colo. 2005). We generally exercise jurisdiction under C.A.R. 21 when the normal appellate process provides an inadequate remedy or when a trial court order places one party at a significant disadvantage in litigating the merits of a controversy. People v. Hoskins, 2014 CO 70, ¶ 16, 333 P.3d 828, 834; DCP Midstream, LP v. Anadarko Petroleum Corp., 2013 CO 36, ¶ 22, 303 P.3d 1187, 1193. In addition, this court will generally elect to hear cases under C.AR. 21 to consider important issues of first impression. People v. Johnson, 2016 CO 69, ¶ 7, 381 P.3d 316, 318.
¶23 According to the developers’ allegations, Perczak’s conflict of interest and her possession of confidential information from her prior representations fundamentally undermines the fairness of the district court proceedings, thereby rendering normal appellate relief ineffective. Further, this court has not previously addressed the applicability of issue preclusion in the context of attorney disqualification under Colo. RPC 1.9. For these reasons, we conclude that the exercise of our original jurisdiction pursuant to C.A.R. 21 is appropriate.
III. Analysis
¶24 The developers contend that the trial court erred in relying on the doctrine of issue preclusion to deny their motion to disqualify Perczak under Colo. RPC 1.9. We first discuss the law regarding the doctrine of issue preclusion and former-client conflicts under Colo. RPC 1.9. We then apply those legal frameworks to the facts of this case.
¶25 We conclude that the dispositive legal issue underlying the developers’ disqualification motion — namely, whether Perczak’s representation of the homeowners’ association in this matter is “substantially related” to her prior representation of Francescon — is specific to the present dispute. Thus, we conclude that the issue Perczak seeks to preclude is not “identical” to the issue decided in Sawgrass, and therefore, issue preclusion does not apply to the developers’ disqualification motion in this case. Because issue preclusion is inapplicable in this case, the trial court abused its discretion by relying on issue preclusion to deny the developers’ disqualification motion and failing to meaningfully analyze the merits of the motion.
A. Standard of Review
¶26 Issue preclusion presents a question of law that we review de novo. Bristol Bay Prods., LLC v. Lampack, 2013 CO 60, ¶ 17, 312 P.3d 1155, 1159 (citing Stanton v. Schultz, 222 P.3d 303, 307 (Colo. 2010)).
¶27 Similarly, a trial court’s interpretation of a rule of professional conduct raises a question of law that we review de novo. Hoskins, ¶ 17, 333 P.3d at 834 (citing People v. Nozolino, 2013 CO 19, ¶ 9, 298 P.3d 915, 918). We review a trial court’s decision whether to disqualify counsel for abuse of discretion. Id. (citing People v. Shari, 204 P.3d 453, 457 (Colo. 2009)). A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if the trial court applies the incorrect legal standards. Garcia v. Medved Chevrolet, Inc., 263 P.3d 92, 97 (Colo. 2011).
B. Relevant Law
1. Issue Preclusion
¶28 The doctrine of issue preclusion (historically called collateral estoppel) bars litigation of previously decided issues in certain circumstances. Stanton, 222 P.3d at 307. By barring such successive litigation, the doctrine “proteet[s] litigants from needless relitigation of the same issues, further[s] judicial economy, and promote[s] the integrity of the judicial system by affirming that one *1152 can rely upon judicial decrees because they are final.” Wolfe v. Sedalia Water & Sanitation Dist., 2015 CO 8, ¶ 14, 343 P.3d 16, 22 (citing Lobato v. Taylor, 70 P.3d 1152, 1165-66 (Colo. 2003)).
¶29 The party seeking to assert issue preclusion to bar relitigation of an issue must show that:
(1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.
Stanton, 222 P.3d at 307 (citing Rantz v. Kaufman, 109 P.3d 132, 139 (Colo. 2005)); see also Foster v. Plock, 2017 CO 39, ¶ 13, 394 P.3d 1119.
¶30 Although it is clear that issue preclusion applies only to “identical” issues, Stanton, 222 P.3d at 307, “one of the most difficult issue preclusion questions ‘is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment,’” Bristol Bay Prods., ¶ 17, 312 P.3d at 1159 (quoting Restatement (Second) of Judgments § 27 cmt. c (1982)). Addressing this question, we have recognized that the identity or nonidentity of issues turns on the elements that the claimant must establish to prove his or her substantive claim or defense. See id. at ¶ 25, 312 P.3d at 1160. Accordingly, “[a] change in facts may render issue preclusion inapplicable in one context but not in another — the question is whether the change in facts matters in light of the elements needed to prove a party’s claims.” Id. at ¶ 24, 312 P.3d at 1160 (citing 18 James W. Moore et al., Moore’s Federal Practice § 132.02[2][e] (Matthew Bender 3d ed. 2013)).
¶31 Because the applicability of issue preclusion depends on the essential elements of the particular claim or issue to be precluded, we turn now to the law of former-client conflicts under Colo. RPC 1.9.
2. Colo. RPC 1.9(a)
¶32 Colorado Rule of Professional Conduct 1.9 governs an attorney's duties to former clients.[4] Subsection (a) of the Rule prohibits an attorney, from representing a party whose interests are materially adverse to those of a former client if the present and former matters are the same or “substantially related” to one another:
A lawyer who has formerly, represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
A client whose former attorney has undertaken such a representation may seek the attorney’s disqualification from the matter. See Hoskins, ¶ 25, 333 P.3d at 835. However, “disqualification of a party’s chosen attorney is an extreme remedy, [and it is] appropriate only where necessary to preserve the integrity and fairness of judicial proceedings.” In re Estate of Myers, 130 P.3d 1023, 1027 (Colo. 2006).
¶33 To disqualify an attorney under Colo. RPC 1.9(a), the party seeking disqualification must show:
(1) an attorney-client relationship existed in the past; (2) the present litigation involves a matter that is “substantially related” to the prior litigation; (3) the present client’s interests are materially adverse to the former client’s interests; and (4) the former client has not consented to the disputed representation after consultation.
Hoskins, ¶ 25, 333 P.3d at 835 (quoting Funplex P’ship v. F.D.I.C., 19 F.Supp.2d 1201, 1206 (D. Colo. 1998)). Only the second requirement — that the two matters must be “substantially related” — is at issue in this case.
*1153 ¶34 Under Rule 1.9, “[m]atters are ‘substantially related’ ... if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the, client’s position in the subsequent matter.” Colo. RPC 1.9 cmt. 3.[5] Here, it is undisputed that Villas is not the “same transaction or legal dispute” as those in which Perczak represented Franeeseon. Thus, in such a context, the Rule is concerned with the type of confidential factual information that normally would have been revealed in a typical representation, rather than the confidential factual information that was actually revealed.[6] See People v. Frisco, 119 P.3d 1093, 1096 (Colo. 2005) (“Because the use of information from a prior representation to the disadvantage of the former client is separately restricted by Rule 1.9(c), Rule 1.9(a) applies only to situations involving an inherent and substantial risk of violating an attorney’s duty of loyalty to former clients.”).
¶35 Because the Rule is concerned with the risk of disclosure in this context, we have described the inquiry into attorney disqualification under Rule 1.9(a) as “a process of factual reconstruction” that “cannot be limited to the consideration of ultimate legal issues, but must account for facts and circumstances, legal theories and strategies, and even the nature and scope of the attorney’s involvement in the former representation.” Id. In other words, the inquiry into whether two matters are “substantially related” requires individualized consideration of the two representations, their underlying legal theories, and the facts that would be necessary to prove or disprove those theories. See id.
¶36 Where a lawyer handles recurrent yet factually distinct problems, each individual matter is likely to involve a distinct set of dispositive facts. In such a situation, the information that an attorney obtains in a prior representation is not necessarily relevant in later matters and consequently, there is no substantial risk that the attorney could use the information to gain an unfair advantage. Thus, in determining whether two matters are “substantially related,” the crucial question is whether the confidential factual information in the attorney’s probable possession is relevant to subsequent claims in a manner that would materially advance those claims—-which, in turn, depends on the precise legal theories and allegations in those claims.
¶37 Given that attorney-disqualification issues depend on the particular facts and legal theories involved in each case, issue preclusion will rarely, if ever, apply to attorney-disqualification motions under Rule 1.9 because the issue raised by one attorney-disqualification motion rarely will be “identical” to one in another case. That is, the question of whether the prior and current representations are “substantially related” is a fact-specific inquiry that is tied closely to the particular circumstances of the two representations. With this legal framework in mind, we turn to the facts of the present case to consider the allegations and legal theories involved in Perczak’s challenged representations.
C. Application
¶38 The developers contend that issue preclusion is inapplicable in the context of attorney-disqualification motions because trial courts must ensure fairness in every *1154 case and may not delegate that obligation to another court through the application of issue preclusion. The developers further contend that issue preclusion does not apply because the Sawgrass order was not a “final judgment on the merits,” see Stanton, 222 P.3d at 307. We do not reach these arguments, however, because we conclude that issue preclusion is inapplicable for another, more conspicuous reason — namely, that the issue of disqualification under Colo. RPC 1.9 considered in the Sawgrass order is not “identical” to the disqualification issue raised by the developers’ motion in this case.
¶39 Considering the legal theories and supporting facts underlying the claims for relief in Sawgrass and Villas, we conclude that the attorney-disqualification motions in Sawgrass and Villas do not raise “identical” issues. To be sure, both of the cases concern construction-defect litigation and include claims for negligence, breach of implied warranty, misrepresentation/nondisclosure, and breach of fiduciary duty. However, in this case, the homeowners’ association also asserted claims against Prancescon individually for conversion and civil theft, arising from an allegedly illegal sale of a tract of land to the Highland Park Metropolitan District. And indeed, one of the developers’ principal arguments as to why Perczak must be disqualified from this case is that she “reverse-engineered” these claims from the confidential information she obtained in her prior representation of Fran-cescon.
¶40 In contrast to the claims of the amended complaint in Villas, however, the complaint in Sawgrass contained no analogous claims of conversion or civil theft. Indeed, in Polk’s proffered testimony, Polk agreed that the confidential factual information implicated in this attorney-disqualification motion was “different from the ‘risk management’ information that was presented to and considered by [the Sawgrass court]” in the disqualification motion in Sawgrass. Thus, the Villas attorney-disqualification motion implicates different “confidential factual information” than the Sawgrass attorney-disqualification motion. It therefore follows that the Villas attorney-disqualification issue is not “identical” to the Sawgrass attorney-disqualification issue because the analysis of the relationship between the prior and current representations at issue in Sawgrass is different from the analysis of the relationship between the prior and current representations at issue in this case.
¶41 We further note that although the Villas and Sawgrass complaints shared certain claims in common, such as various negligence claims, those claims arose from different alleged defects in separate residential real-estate developments. See Colo. RPC 1.9 cmt. 2 (“[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client.”). In addition, the Sawgrass complaint pre-dated the Villas complaint by nearly three years, and Rule 1.9(a)’s comments also contemplate that the passage of time may be relevant in determining whether two matters are “substantially related.” See Colo. RPC 1.9 cmt. 3. These considerations further show that the Villas and Sawgrass attorney-disqualification motions do not raise “identical” issues, and we therefore conclude that issue preclusion does not bar the developers’ attorney-disqualification motion,
¶42 In this case, however, the trial court granted the motion to strike, which was founded entirely on the argument that issue preclusion barred the developers’ motion to disqualify. In so doing, the trial court failed to consider whether the present case is related to Perczak’s prior representation of Fran-cescon in the same manner that Sawgrass related to that prior representation, such that the two disqualification motions could be fairly characterized as raising “identical” issues. As described above, the two disqualification motions do not raise “identical” issues, given the distinct real-estate developments and alleged defects in the two cases, the unique nature of the amended claims in ViF las, and the passage of time between the two cases. Accordingly, the doctrine of issue preclusion does not bar the developers’ disqualification motion in this case.
¶43 As an alternate basis supporting the trial court’s decision, Perczak and the *1155 Burg Firm contend that in its order, the trial court properly denied the developers’ disqualification motion on the merits of their Rule 1.9 argument, rather than relying solely on issue preclusion. This argument is based on the final paragraph of the trial court’s order, in which the court concluded Perczak’s knowledge of Francescon’s fear of being sued personally would not cause a conflict or materially advance the homeowners’ association’s claims against Francescon.
¶44 However, the argument that the trial court properly denied the disqualification motion on the merits is belied by the fact that the trial court granted the motion to strike on the basis of issue preclusion. This action by the trial court is inconsistent with Perc-zak’s and the Burg Firm’s argument because a motion to strike, if granted, has the effect of deleting the stricken material — here, the developei’s’ motion to disqualify.
1Í45 Moreover, to the extent that the trial court addressed the merits of the developers’ motion to disqualify, we conclude that the trial court abused its discretion by failing to adequately analyze the motion or make supporting findings, as required in an inquiry under Colo. RPC 1.9. The trial court’s brief, one-paragraph analysis of the merits of the developers’ motion contains no discussion of the applicable legal standard under Rule 1.9 and no factual findings with respect to the scope of the prior representation, the scope of the present representation, or the relation among the two. Because we are unable to determine whether the trial court applied the proper standard, we must conclude that the trial court abused its discretion in denying the defendants’ motion to disqualify.[7] Cf. Frisco, 119 P.3d at 1097 (concluding that the trial court abused its discretion in disqualifying defense counsel, where, “[i]n light of ... the court’s brief explanation of its order, it [was] not even clear that the district court correctly applied the substantial relationship test to require an evaluation of the likelihood that counsel acquired relevant confidential factual information in the prior representation”).[8]
IV. Conclusion
¶46 We conclude that issue preclusion does not bar the developers’ motion to disqualify Perczak under Colo. RPC 1.9. Specifically, the issue of whether Perczak’s representation in Sawgrass was “substantially related” to her prior representation of Francescon is not “identical” to the issue of whether the present case is “substantially related” to Perczak’s prior representation of Francescon for purposes of Colo. RPC 1.9(a), given the distinct real-estate developments and alleged defects in the cases, the unique nature of the amended claims in Villas, and the passage of time between the cases. Accordingly, we conclude that the trial court abused its discretion in relying on issue preclusion to deny the disqualification motion, instead of conducting the requisite analysis under Colo. RPC 1.9(a). We therefore make the rule absolute, vacate the trial court’s order denying the developers’ motion to disqualify Perczak and her law firm, and remand this case for the trial court to address the merits of the developers’ motion to disqualify under Colo. RPC 1.9(a).
JUSTICE GABRIEL dissents, and JUSTICE EID and JUSTICE HOOD join in the dissent.

. The motion to disqualify, like the present C.A.R. 21 petition, was filed by defendants Dale Franeeseon; CC Communities, LLC; Century Communities, Inc.; Villas at Highland Park, LLC; and Horizon Building Services, LLC.

. Although Judge Weishaupl presided over most aspects of this case and entered the order that is the subject of this original proceeding, Judge Cross held the February 2015 hearing and entered the corresponding order.

. Like the Sawgrass disqualification motion, the offer of proof in this case included statements from Daniel Fowler and Charles Wolfram. In addition, the developers' offer of proof included statements from Richard Flamm, an attorney in tlie field of legal ethics, and Dennis Polk, an attorney who had participated in meetings on business and litigation strategies with Frances-con and Perczak.

. Colo. RPC 1.9 is identical to Rule 1,9 of the Model Rules of Professional Conduct from the American Bar Association.

. Although comments to the Rules of Professional Conduct are not binding and do not impose ethical obligations on attorneys independent from a Rule’s text, Matter of Gilbert, 2015 CO 22, ¶ 33, 346 P.3d 1018, 1026, we have previously relied on the comments to .Rule 1.9 to interpret the Rule's scope, see People v. Frisco, 119 P.3d 1093, 1096 (Colo. 2005).

. By drawing this distinction, the Rule protects the former client’s confidences. Colo. RPC 1.9 cmt. 3 ("A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter.’’). Indeed, the Rule "would be self-defeating if, in order to obtain its protection, the former client were required to reveal in a public proceeding the particular communication or other confidential information that could be used in the subsequent representation.” Restatement (Third) of the Law Governing Lawyers § 132 cmt. d(iii) (2000). .

. The trial court’s later orders denying the defendants’ motion for protective orders (dated July 11, 2016) and motion to compel Perczak's attendance at a deposition (dated July 18, 2016) do not change this result. Those later orders refer back to the order on the developers’ disqualification motion, reiterating the content of the proffer received by the court and the court's conclusion that disqualification was not required based on Perczak's knowledge of Francescon's fear of being sued personally. But like the order on the developers' disqualification motion, the later orders do not explain the nature and scope of the prior and present representations or the relation among the two. In addition, the trial court’s order dated July 18, 2016, confirms that the court granted the motion to strike on grounds of issue preclusion — an action that is inherently inconsistent with Perczak's and the Burg Firm's argument that the trial court properly resolved the motion to disqualify on its merits.

. We express no view of the merits of the disqualification motion. On remand, the trial court is in the best position to determine, in the first instance, whether the present case is "substantially related” to Perczak's prior representation of Francescon, considering the particular legal theories and dispositive facts involved in the various representations.